SULLIVAN, Justice.
On February 6, 2003, Leonard Lamont Frye entered the home of Linda Walker through a window he had broken to gain entry. Walker was not home at the time and Frye was unarmed. Frye took a television set and other items worth approximately $395. The Evansville Police apprehended FErye shortly thereafter.
The State charged Frye with Burglary, a Class B felony; Theft, a Class D felony; and False Informing, a Class B misdemeanor. The State also charged Frye with being a Habitual Offender on the basis of four prior convictions for Burglary, Theft, Intimidation, and Forgery.[1]
At trial, a jury found Frye guilty of the Burglary, Theft, and False Informing charges. It also determined that Frye was a Habitual Offender. The trial court sentenced Frye to 15 years incarceration on the Burglary charge, which was enhanced by 25 years for being a Habitual Offender, for a total of 40 years.[2] This sentence was imposed pursuant to the following sentencing parameters in effect at the time:
*1014 Class B felony: presumptive term of ten years, with not more than ten years added for aggravating cireumstances or not more than four years subtracted for mitigating cireumstances. Ind.Code § 35-50-2-5 (1998).
Habitual offender enhancement: an additional fixed term that is not less than the presumptive sentence for the underlying offense nor more than three times the presumptive sentence for the underlying offense. However, the additional sentence may not exceed 30 years. Ind. Code § 35-50-2-8(h) (Supp.2008).
Frye appealed his sentence, arguing that his sentence was inappropriate in light of the nature of his offense and his character. The Court of Appeals affirmed his 40 year sentence for Burglary "in light of his extensive criminal history and questionable character...." Frye v. State, 822 N.E.2d 661 (2005)(mem.). Frye sought, and we granted, transfer. Frye v. State, 831 N.E.2d 740 (Ind.2005).[3]
Frye asks that we exercise our authority under Indiana Constitution article VII seetion 4, to review and revise his sentence. We may do so "if after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). As noted above, the trial court enhanced the presumptive sentence for Burglary of 10 years by five years to a total of 15 years and then imposed a Habitual Offender enhancement of 25 years, for a total executed sentence of 40 years. We agree with Frye that 40 years is inappropriate in light of the nature of the offense and the character of the offender.
As to the nature of the offense, there was no violence and there was marginal pecuniary loss. Frye committed Burglary and Theft without being armed and while Walker was away from her home. These facts together decreased the likelihood of violence. Additionally, the value of the items Frye took from Walker's home was marginal. Frye took a television, a "jewelry box, costume and other jewelry, perfume, a tape measure, a musical rocking horse, a cavalry sword, videos, bacon, and Pepsi ... [totaling] approximately $395." Frye, 822 N.E.2d 661. Many of these items were later returned to Walker after Frye's arrest.
As to the character of the offender, we recognize that Frye has an extensive criminal history. But we do not believe his record demonstrates that a sentence of 40 years is warranted in this case. The Burglary conviction that in part supports the enhancement occurred more than 20 years ago. FErye's record indicates that his last conviction for a violent offense occurred in 1999 for Battery and that many of his convictions have been alcohol related. Frye acknowledged that he has struggled *1015 throughout his life with alcoholism and has unsuccessfully sought treatment for his condition. While we do not condone Frye's past or current violations of the law, we cannot conclude that those transgressions even when aggregated demonstrate a character of such recalcitrance or depravity to justify a sentence of 40 years.
We revise Frye's sentence for Burglary to the presumptive term for a Class B felony of 10 years. Under the Habitual Offender enhancement, we impose an additional sentence of 15 years for a total of 25 years on the Burglary charge. Frye's remaining sentences for Theft and False Informing remain unchanged and are to run concurrently.
We reverse Frye's sentence of 40 years for Burglary and being a Habitual Offender and remand to the sentencing court with instructions to issue an amended sentencing order and to issue or make any other document or docket entries necessary to impose upon Frye a sentence of 10 years for Burglary as a Class B felony, enhanced by 15 years for being a Habitual Offender, without a hearing.
SHEPARD, C.J., and BOEHM, and RUCKER, JJ., concur.
DICKSON, J., dissents with separate opinion.

. Frye's convictions for Burglary, Theft, Intimidation, and Forgery took place in 1981, 1990, 1997, and 1999, respectively.

. Frye also received a two-year sentence for the Theft conviction, enhanced by four years for being a Habitual Offender, and a 180-day sentence for the False Informing conviction. These sentences were imposed concurrent to the 40-year sentence for Burglary. In his appeal, Frye challenged the imposition of a habitual offender enhancement of both the Burglary and Theft sentences. The State conceded error on this point, and the Court of Appeals vacated the Habitual Offender enhancement for the Theft conviction. Frye v. State, 822 N.E.2d 661 (2005) (mem.). We summarily affirm the portion of the opinion of the Court of Appeals on this point. Ind. Appellate Rule 58(A)(2).

. Several weeks after Frye was sentenced, the United States Supreme Court decided Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 LEd.2d 403 (2004). We subsequently interpreted Blakely to dictate that sentences imposed under Indiana law can violate the Sixth Amendment to the United States Constitution when aggravating circumstances found by the trial court are not based on facts found to exist by a jury. Smylie v. State, 823 N.E.2d 679, 685 (Ind.2005). In his brief to the Court of Appeals, Frye explicitly said that he raised no claim of sentencing error under Blakely. However, he now contends that the Court of Appeals violated Blakely when it held that part of the justification for the enhancement of his sentence was that, at the time he was sentenced, "he had [additional] charges pending" against him. (It does not appear that the trial court relied on these additional charges as aggravating circumstances.) Frye, 822 N.E.2d 661. Given our disposition of this case, it is unnecessary for us to, and we do not, decide whether this claim is available or, if so, whether it has merit.