ATTORNEY FOR APPELLANT
Leanna Weissmann
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE
Steve Carter
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# In the
# Indiana Supreme Court

No. 69S01-0705-CR-188

STEVEN HOLLIN,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Ripley Circuit Court, No. 69C01-0511-FB-011
The Honorable Carl Taul, Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 69A01-0609-CR-401

**December 5, 2007**

**Rucker, Justice.**

The defendant was convicted of conspiracy to commit burglary, a Class B felony, and found to be a habitual offender. The trial court sentenced him to twenty years for the conspiracy offense, enhanced by twenty years for the habitual offender adjudication. Under our constitutional authority we revise the sentence to a total aggregate term of twenty years.

**Facts and Procedural History**

Eighteen-year-old Steven R. Hollin was released from jail on November 1, 2005. Less than a week later, he and Nathan Vogel ("Vogel") devised a plan to burglarize homes in a rural portion of Ripley County, Indiana. They planned to knock upon doors to locate unoccupied homes, from which they would steal money. On the morning of November 8, 2005, the two men ventured out by foot along a road in Ripley County. The first residence they approached was occupied. A woman answered the door, and to avoid suspicion Hollin and Vogel asked for directions to Greensburg, Indiana. They then left and continued their search for an unoccupied house. The next home they reached appeared to be empty. To be certain, Hollin and Vogel knocked upon both the front and back doors before entering the garage and proceeding into the kitchen. While Hollin remained in the kitchen, Vogel entered a bedroom. Vogel took a camera bag containing approximately six hundred dollars. The two then left the home, walking back toward town. At this point, the woman who had provided directions to Greensburg noticed them and called police to report this suspicious activity.

Batesville Police Department Lieutenant Jeff Thielking responded to the call and recognized Hollin. He became suspicious about the possibility of criminal activity because, although it was approximately sixty-six degrees outside, Vogel wore a heavy winter coat and appeared to be hiding something inside of it. Vogel asserted that their car had broken down along the road, but Lieutenant Thielking had not seen any disabled vehicles in the vicinity. Lieutenant Thielking also knew of several recent burglaries in the area. Noting the name of Al Wuestefeld on the camera bag Vogel was carrying, Lieutenant Thielking arrested both men. A telephone call to the Wuestefeld residence confirmed that it had been burgled. Hollin and Vogel subsequently confessed.

The State charged Hollin with burglary of a dwelling, a Class B felony, Ind. Code § 35-43-2-1(1)(B)(i), theft as a Class D felony, I.C. § 35-43-4-2(a), and being a habitual offender, I.C. § 35-50-2-8. The State later amended the charging information to dismiss the burglary charge and replaced the theft charge with conspiracy to commit burglary as a Class B felony. I.C. § 35-43-2-1(1)(B)(i); I.C. § 35-41-5-2(a). A jury convicted Hollin of conspiracy to commit burglary and adjudged him a habitual offender. After conducting a sentencing hearing, the trial court found one aggravating factor – Hollin's criminal history – and one mitigating factor – his young age. The court then sentenced him to the maximum term of twenty years for the conspiracy conviction, enhanced by twenty years for the habitual offender adjudication.

Hollin appealed, raising the following issues: (1) whether it was fundamental error for the trial court to admit evidence of his criminal history and (2) whether the trial court properly sentenced him. In an unpublished memorandum decision, the Court of Appeals rejected these arguments and affirmed the judgment of the trial court. Hollin v. State, No. 69A01-0609-CR-401 (Ind. Ct. App. Mar. 29, 2007). Having previously granted transfer, we now summarily affirm the Court of Appeals' disposition of the first issue listed above. Ind. Appellate Rule 58(A)(2). We address the remaining issue and also exercise our review and revise authority.

**Discussion**

Hollin asserts that the trial court improperly sentenced him to forty years in the Department of Correction. Specifically he contends (1) the trial court should have taken into account that he received his General Education Diploma ("GED") while in jail, (2) the trial court failed to properly weigh his youth as a mitigating factor, and (3) the trial court erred in relying on his criminal history to support the maximum sentence for conspiracy because this factor provided the basis for the habitual offender determination.

We recently determined that when a trial court imposes a sentence "[t]he trial court must enter a statement including reasonably detailed reasons or circumstances for imposing [that] particular sentence." Anglemyer v. State, 868 N.E.2d 482, 491 (Ind. 2007). We continue to review those reasons and the omission of any reasons arguably supported by the record for abuse

3

of discretion.  Id.  An abuse of discretion occurs if the decision is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom."  K.S. v. State, 849 N.E.2d 538, 544 (Ind. 2006) (citation omitted).  However, under the 2005 amended sentencing statute, the weights afforded to different factors are no longer reviewable on appeal for abuse of discretion.  Anglemyer, 868 N.E.2d at 491.

Hollin's argument regarding his GED is precluded from appellate review.  Hollin contends that the trial court should have recognized his GED – which he acquired while incarcerated for this offense – as a mitigating circumstance.  Although Hollin did testify during his sentencing hearing that he received his GED, Tr. at 347, he did not argue to the sentencing court that his GED should be considered in mitigation.  "If the defendant does not advance a factor to be mitigating at sentencing, this Court will presume that the factor is not significant and the defendant is precluded from advancing it as a mitigating circumstance for the first time on appeal."  Spears v. State, 735 N.E.2d 1161, 1167 (Ind. 2000) (citations omitted); see also Sherwood v. State, 702 N.E.2d 694, 700 (Ind. 1998) (finding the trial court erred where evidence of an overlooked mitigating circumstance was both clearly presented *and argued* to the trial court).  The argument is thus waived.  As for the trial court's alleged abuse of discretion in failing to properly weigh Hollin's youth as a mitigating factor, this issue is also precluded from review.  "The relative weight or value assignable to reasons properly found . . . is not subject to review for abuse."  Anglemyer, 868 N.E.2d at 491.

Hollin's claim of trial court error in relying on the same criminal history to enhance his conspiracy conviction and to support the habitual offender adjudication must fail.  This Court has long held that it is permissible for the trial court to consider the same prior offenses for both enhancement of the instant offense and to establish habitual offender status.  See Buchanan v. State, 699 N.E.2d 655, 657 (Ind. 1998); Jones v. State, 600 N.E.2d 544, 548 (Ind. 1992); Criss v. State, 512 N.E.2d 858, 860 (Ind. 1987).

Hollin received the maximum possible penalty for a Class B felony conviction: twenty years.  I.C. § 35-50-2-5.  Ten years is the advisory sentence for this offense.  Id.  The trial court

4

imposed an additional twenty years based upon Hollin's habitual offender adjudication. It was within the trial court's discretion to impose a ten- to thirty-year habitual offender enhancement. I.C. § 35-50-2-8(h). There is no question that the trial court properly exercised its discretion in this case. Nonetheless, "[a]lthough a trial court may have acted within its lawful discretion in determining a sentence, Article VII, Sections 4 and 6 of the Indiana Constitution 'authorize[] independent appellate review and revision of a sentence imposed by the trial court.'" Anglemyer, 868 N.E.2d at 491 (quoting Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006)). Our appellate authority is implemented through Indiana Appellate Rule 7(B), which allows us to "revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender."

As for the nature of the offense, we observe that no one was home at the time of the burglary and apparently neither Hollin nor Vogel was armed. "These facts together decreased the likelihood of violence." Frye v. State, 837 N.E.2d 1012, 1014 (Ind. 2005). In Frye, the defendant's fifteen-year sentence for burglary was enhanced by twenty-five years for his adjudication as a habitual offender, for a total of forty years. We revised to an aggregate of twenty-five years, noting the defendant was not armed, the victim was not at home, and the pecuniary loss was marginal. Id. at 1014-15. As for Hollin's character, we acknowledge that even at the age of eighteen, Hollin has an extended criminal history. However most are juvenile offenses. And with the exception of cruelty to an animal – committed as a juvenile – none of his offenses involved crimes of violence. Rather they were primarily auto theft and related offenses. App. at 106-07.

We do not condone Hollin's past or current violations of the law. Still, we cannot conclude that Hollin's numerous transgressions necessarily "demonstrate a character of such recalcitrance or depravity" that they justify a forty-year sentence. Frye, 837 N.E.2d at 1015. We therefore revise Hollin's sentence for burglary to the presumptive term of ten years for a Class B felony. For the habitual offender enhancement, we impose an additional ten years for a total aggregate term of twenty years.

## Conclusion

We remand this cause to the trial court with instructions to enter a sentence of ten years for conspiracy to commit burglary as a Class B felony, enhanced by ten years for the habitual offender adjudication.

Shepard, C.J., and Sullivan and Boehm, JJ., concur.
Dickson, J., concurs and dissents with separate opinion.

**Dickson, Justice, concurring and dissenting.**

I dissent as to the revision of the sentence selected by the trial court. As to the remainder of the Court's opinion, I concur.

Notwithstanding our duty under Indiana Appellate Rule 7(B) to give due consideration to the trial court's sentencing decision, the Court today reduces by one half the sentence determined by the trial court and which was unanimously affirmed by a panel of the Court of Appeals. In matters of criminal sentencing, Rule 7(B) "places central focus on the role of the trial judge." Serino v. State, 798 N.E.2d 852, 856 (Ind. 2003). Trial judges, not appellate judges, are in a far superior position to make sound sentencing decisions that are appropriate to the offender and the offense. Given an appellate tribunal's limited opportunity to fully perceive and appreciate the totality of the circumstances personally perceived by the trial judge at trial and sentencing, the "due consideration of the trial court's decision" required by Rule 7(B) should restrain appellate revision of sentences to only extremely rare, exceptional cases. *See* Ind. Appellate Rule 7(B).

Furthermore, the frequent appellate revision of criminal sentences may induce and foster reliance upon such review for ultimate sentencing evaluations and thus serve as a disincentive to the cautious and measured fashioning of sentences by trial judges. Restrained decisions are best made by a trial judge with the gravity that results from knowing that the judge's sentencing decisions are essentially final.

Appellate sentence modifications should be extraordinary events that almost never occur. The trial court's decision is not clearly inappropriate in light of the nature of the offense and the character of the offender. Appellate intervention is unwarranted. I would affirm the trial court.