DICKSON, J.,
concurring and dissenting.
Although I concur with Part I, discussing the challenges posed by appellate review and revision of criminal sentences, and Part II, finding no abuse of discretion in the trial court’s sentencing determination, I decline to join Part III, revising the sentence chosen by the trial court in this case. The Court finds that Cardwell’s thirty-four years is excessive for two class B felony convictions for burning his girlfriend’s three-year-old daughter with hot water and then failing to seek prompt medical treatment, as compared to the girl’s mother’s one and one-half year sentence for a single class D felony conviction for failing to seek prompt medical treatment for her daughter. I disagree with the grant of appellate sentence revision in this case.
The determination of the sentence to be imposed in any case primarily derives from the prosecutor’s discretion in formulating the charges, the jury’s assessment of guilt, the legislature’s enactment of the sentencing range deemed appropriate for the criminal offense, and the trial judge’s judgment in selecting the sentence to be imposed.
The Court correctly observes that the sentencing decision of a trial court judge is often a matter “as to which there are not right or wrong answers.” Op. at 1223. And, with admirable candor, the Court acknowledges that the appellate review of trial court sentencing decisions leaves much to the “unconstrained judgment of the appellate court,” that there is “no right answer as to the proper sentence in any given case,” and that appellate courts have not adopted a consistent methodology in reviewing sentences. Id. at 1224.
Presumably reflecting the prosecutorial evaluation of relatively different roles of Cardwell and Gentry, the State did not file identical charges against them.[1] It charged both Cardwell and Gentry with neglect of a dependant as class B felonies for their failure to seek prompt medical attention for the girl’s injuries.[2] And it also charged Cardwell with an additional count of neglect of a dependant as a B felony for his placing the child in a life-endangering situation by burning the child with hot water.
A jury declined to convict Gentry of the charged class B felony, but instead convicted her only of a lesser included offense, neglect of a dependent as a class D felony. Gentry v. State, 10A04-0610-CR-595, 2007 WL 1815715 (Ind. Ct.App. June 26, 2007). The sentence imposed for this conviction, one and one-half years, id., was the advisory sentence and within the possible sentencing range of six months to three years for this offense designated by the legislature. But in Cardwell’s case, the jury found him guilty as charged on both counts. For crimes constituting class B felonies, the legislature has prescribed a sentencing range of six to twenty years imprisonment. The trial court determined *1228 the appropriate sentence to be seventeen years on each count, to be served consecutively, as permitted by law. And our Court of Appeals reviewed the sentence but declined to find it inappropriate. Cardwell v. State, 10A05-0703-CR-129, 2008 WL 659663 (Ind.Ct.App. March 13, 2008).
Particularly significant here is the thoughtful and detailed eight-page sentencing evaluation for Cardwell by the trial judge who also sentenced Gentry. In rather transparently discussing and explaining his selection of Cardwell’s sentence; the judge carefully describes and evaluates the aggravating and mitigating circumstances, distinguishes between concurrent and consecutive sentencing for these offenses, considers appellate sentencing precedent, specifically declines to merge the offenses for purposes of sentencing, finds that Cardwell does not warrant the maximum sentence, and articulates his reasoning for selecting sentences of seventeen years on each count. One negative effect of appellate sentence review is that it may serve as a disincentive to such cautious and measured fashioning of sentences by trial judges. As I have previously noted, “[rjestrained decisions are best made by a trial judge with the gravity that results from knowing that the judge’s sentencing decisions are essential final.” Hollin v. State, 877 N.E.2d 462, 466 (Ind.2007) (Dickson, J., dissenting).
The Court’s decision to reduce Card-well’s sentence is significantly influenced by its consideration of Gentry’s sentence and its attempt evaluate their relative culpability. It concludes that the disparity between their aggregate sentences is “stark.” Op. at 1226. This comparative evaluation is difficult, however, because the record before us does not include Gentry’s trial and sentencing proceedings, particularly the trial judge’s reasons for selecting the advisory sentence for her. And since she did not seek appellate sentence review, we do not have the benefit of any analysis from the Court of Appeals.
In light of the lack of any “right answer” in appellate sentence revision, as acknowledged by the Court, I believe that we should decline to revise the considered judgment of the trial judge in this case, particularly given the significant differences in culpability represented by the different charges filed, the refusal of Gentry’s jury to find her guilty of the class B felony, and the trial court’s extensive explanation of his reasons for selecting Card-well’s sentence. I would affirm the judgment of the trial court.

. The record of proceedings with respect to Gentry's case is not before this Court, but essential procedural facts are found in the memorandum decision of the Court of Appeals. Gentry v. State, 10A04-0610-CR-595, 2007 WL 1815715 (Ind. Ct.App. June 26, 2007).

. The State also charged both Cardwell and Gentry with conspiracy to commit perjury as a class D felony, but later dropped this charge as to each before trial.