**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**DONALD C. SWANSON, JR.**
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**AARON J. SPOLARICH**
Deputy Attorney General
Indianapolis, Indiana



FILED

Mar 14 2012, 9:28 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CHRISTOPHER L. OVERLA, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | No. 02A05-1108-CR-474 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Frances C. Gull, Judge
Cause No. 02D05-1012-FD-1274

**March 14, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, J.**

Following his guilty plea to Class D felony invasion of privacy, Christopher L. Overla ("Overla") was sentenced to two years executed in the Department of Correction. Overla appeals and argues that the trial court abused its discretion in failing to consider certain mitigating factors and that his sentence is inappropriate in light of the nature of the offense and the character of the offender. We affirm.

**Facts and Procedural History**

At some point prior to April of 2010, Angela Smith ("Smith") obtained a protective order against Overla. Thereafter, Smith and Overla apparently reconciled, and they were married on June 12, 2010. On the evening of December 10, 2010, while the protective order was still in effect, police responded to a report of a domestic disturbance at Smith's residence. When officers arrived, both Smith and Overla were present. When police discovered that Smith had an active protective order against Overla, the officers arrested Overla. As a result of this incident, Overla was charged with Class D felony invasion of privacy. Overla pleaded guilty on June 22, 2011, and he was sentenced to two years executed in the Department of Correction on July 18, 2011. Overla now appeals.

**Discussion and Decision**

In the first part of his challenge to his sentence, Overla argues that the trial court abused its discretion by overlooking mitigating factors that were supported by the record.[1] Sentencing decisions rest within the sound discretion of the trial court.

---

[1] Overla also asks this court "to re-weigh the aggravating and mitigating circumstances." Appellant's Br. at 6. However, we will not review the relative weight or value assigned to aggravating and mitigating circumstances. Anglemyer v. State, 868 N.E.2d 482, 491 (Ind. 2007), clarified on reh'g, 875 N.E.2d 218.

Anglemyer v. State, 868 N.E.2d 482, 490 (Ind. 2007), clarified on reh'g, 875 N.E.2d 218. So long as the sentence is within the statutory range, it is subject to review only for an abuse of discretion. Id. "An abuse of discretion occurs if the decision is 'clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom.'" Id. at 491.

A trial court may abuse its sentencing discretion in a number of ways, including: (1) failing to enter a sentencing statement at all; (2) entering a sentencing statement that includes aggravating and mitigating factors that are unsupported by the record; (3) entering a sentencing statement that omits reasons that are clearly supported by the record; or (4) entering a sentencing statement that includes reasons that are improper as a matter of law. Id. at 490-491. If the trial court abuses its discretion in one of these or another way, remand for resentencing is the appropriate remedy "if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record." Id. at 491.

At his sentencing hearing, Overla advanced the following purportedly mitigating factors for consideration: (1) that the victim and Overla were married subsequent to the entry of the protective order and had unsuccessfully attempted to have protective order dismissed, (2) that there had been no violence between Overla and the victim since they were married in June of 2010, (3) that Overla attended church, and (4) that Overla attended Alcoholics Anonymous meetings and was involved in an alcohol dependence treatment program. Sentencing Tr. p. 19. In sentencing Overla, the trial court recognized his guilty plea and attendance at Alcoholics Anonymous meetings as mitigating factors.

3

Id. at 23.  The trial court found Overla's extensive criminal history and failed attempts at rehabilitation as aggravating factors.  Id.  On appeal, Overla argues that the trial court abused its discretion in failing to consider the following purportedly mitigating factors: (1) Overla's alleged drug and alcohol addiction, (2) Overla's volunteer work in the community, (3) Overla's involvement in his church, (4) the fact that Overla and the victim were married at the time of the instant offense, and (5) that Overla and the victim allegedly believed that the protective order had been dismissed at the time of the instant offense.

Overla did not advance his alleged drug and alcohol addiction or his volunteer work as mitigating factors at sentencing.  "'If the defendant does not advance a factor to be mitigating at sentencing, this Court will presume that the factor is not significant and the defendant is precluded from advancing it as a mitigating circumstance for the first time on appeal.'"  Hollin v. State, 877 N.E.2d 462, 465 (Ind. 2007) (quoting Spears v. State, 735 N.E.2d 1161, 1167 (Ind. 2000)); see also Anglemyer, 868 N.E.2d at 492 (holding that a sentencing court "does not abuse its discretion in failing to consider a mitigating factor that was not raised at sentencing").  Accordingly, Overla's argument with regard to these purportedly mitigating factors is waived.

With respect to the remaining purportedly mitigating factors, we note that an allegation that the trial court failed to identify a mitigating factor requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record.  Id. at 493.  And if the trial court does not find the existence of a mitigating factor

4

that has been argued by counsel, the trial court is not obligated to explain why it has found that the factor does not exist. Id.

Overla has not established that his involvement in church or his marriage to Smith at the time of the instant offense is entitled to significant mitigating weight. Indeed, Overla's marriage to Smith while the protective order was still active could very well be considered an aggravating factor, as it strongly suggests that Overla violated the protective order on occasions prior to the instant offense. Moreover, we cannot conclude that the trial court abused its discretion in failing to identify Overla's purported belief that the protective order had been lifted as a mitigating factor. As an initial matter, we note that the trial court was in no way obligated to believe Overla's and Smith's testimony that they believed the protective order was no longer in effect at the time of the instant offense. Accordingly, Overla has not established that this purported mitigator was clearly supported by the record. And even if the trial court credited Overla's and Smith's testimony, we cannot conclude that Overla has established that it was entitled to significant mitigating weight. At his sentencing hearing, Overla testified that he "should not [have] just took [Smith's] word that, you know, she represented to me like she had taken care of that issue. But I, I should've been aware and maybe followed through and just made sure that the no contact order was dismissed." Sentencing Tr. p. 22. For all of these reasons, we cannot conclude that the trial court abused its discretion in failing to identify the mitigating factors advanced for consideration on appeal.[2]

---

[2] Human nature being what it is, couples who have been the subject of a protective order sometimes marry while the order is still in effect. Perhaps automatic nullification of such orders upon marriage would be an attractive

In any event, even if we were to conclude that the trial court abused its discretion in failing to identify these purportedly mitigating factors, remand for resentencing is only warranted if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered these factors. See Anglemyer, 868 N.E.2d at 491. The trial court properly found Overla's extensive criminal history and his failed efforts at rehabilitation as aggravating circumstances, and it is clear from the trial court's sentencing statement that it attributed great weight to these factors. Accordingly, we can say with confidence that the trial court would have imposed the same sentence even if it had considered the purportedly mitigating factors Overla advances for consideration on appeal.

Next, Overla argues that his two-year executed sentence is inappropriate in light of the nature of the offense and the character of the offender. Although a trial court may have acted within its lawful discretion in imposing a sentence, Article 7, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of a sentence imposed by the trial court. Alvies v. State, 905 N.E.2d 57, 64 (Ind. Ct. App. 2009) (citing Anglemyer, 868 N.E.2d at 491). This appellate authority is implemented through Indiana Appellate Rule 7(B), which provides that a court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Anglemyer, 868 N.E.2d at 491. However, "we must and

---

alternative to the current situation and others like it, but that is a policy decision left to the legislative branch of our government.

should exercise deference to a trial court's sentencing decision, both because Rule 7(B) requires us to give 'due consideration' to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions." Stewart v. State, 866 N.E.2d 858, 866 (Ind. Ct. App. 2007). The burden is on the defendant to persuade us that his sentence is inappropriate. Reid v. State, 876 N.E.2d 1114, 1116 (Ind. 2007). Finally, although we have the power to review and revise sentences, "[t]he principal role of appellate review should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." Cardwell v. State, 895 N.E.2d 1219, 1225 (Ind. 2008).

Overla committed Class D felony invasion of privacy, for which the sentencing range is six months to three years, with an advisory sentence of one and one-half years. Ind. Code § 35-50-2-7 (2004). Overla was sentenced to two years executed in the Department of Correction, a term six months longer than the advisory sentence.

Turning first to the nature of the offense, we hesitate to attribute the facts as described in the probable cause affidavit to Overla because he did not admit to them during his guilty plea hearing.[3] Instead, he admitted only to the bare-bones factual basis necessary to support his guilty plea to Class D felony invasion of privacy. Our review of the nature of the offense is therefore limited, and we are constrained to conclude that the offense was not more egregious than a typical invasion of privacy.

---

[3] We also note that Smith testified on Overla's behalf at his sentencing hearing, and that on cross-examination by the State, she testified to some of the facts set forth in the probable cause affidavit. But again, Overla never admitted to those facts. Because we reach the same result without relying on these facts, we need not consider them.

But Overla's character alone, as reflected in his lengthy and often violent criminal history, easily supports the trial court's imposition of a two-year executed sentence. Overla's adult criminal history includes felony convictions for residential entry, battery resulting in serious bodily injury, and criminal confinement. Overla was also convicted of stalking in Ohio in 2000.[4] Overla's adult criminal history also includes multiple misdemeanors, including illegal possession of alcohol by a minor, criminal mischief, criminal conversion, resisting law enforcement, battery, invasion of privacy,[5] reckless driving, and drunk driving offenses. Overla's history of juvenile delinquency includes adjudications for theft and criminal mischief, as well as two adjudications for battery.[6] Additionally, at the time of sentencing in this case, Overla had felony theft charges pending in two separate Indiana counties. We also note that Overla has had a suspended sentence for operating while intoxicated modified to require him to spend one weekend in jail, and he has twice had suspended sentences revoked. Overla's criminal history establishes that, despite being shown leniency in the past, Overla has continued to reoffend, and that he is either unwilling or unable to conform his behavior to the law. We therefore cannot conclude that Overla's two-year executed sentence for Class D felony invasion of privacy, which is only six months longer than the advisory sentence, is inappropriate.

---

[4] Although the Pre-Sentence Investigation Report lists the stalking offense as a felony, Overla contends that the case was handled as a misdemeanor. Regardless of whether the crime qualifies as a felony or a misdemeanor, it reflects poorly on Overla's character.

[5] It was this previous conviction for Class A misdemeanor invasion of privacy that elevated the instant offense to a Class D felony. See Ind. Code § 35-46-1-15.1 (2004).

[6] Our recitation of Overla's history of juvenile delinquency omits an alleged adjudication for burglary that was reflected in the Pre-Sentence Investigation Report, but contested by Overla at sentencing.

Affirmed.

FRIEDLANDER, J., concurs.

RILEY, J., concurs in result.