**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Sep 18 2012, 8:47 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DAVID M. ZENT**
Deputy Public Defender
Leonard, Hammond, Thoma & Terrill
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TRENELL C. BRIGHT, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A05-1203-CR-124 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Wendy W. Davis, Judge
Cause No. 02D06-1108-FA-50

**September 18, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Trenell C. Bright appeals following his convictions for four counts of Dealing in Cocaine or Narcotic Drug,[1] one as a class A felony and three as class B felonies. Bright raises the following two issues for our review:

1. Did the trial court abuse its discretion by denying Bright's request for a continuance on the day of trial?

2. Did the trial court abuse its discretion in sentencing Bright?

We affirm.

On June 28, 2011, two detectives with the Fort Wayne Police Department worked with a confidential informant (CI) to conduct a controlled buy of crack cocaine from Bright. The detectives drove the CI to Bright's apartment and waited outside while the CI entered the residence and purchased $100.00 worth of crack cocaine from Bright. The CI then returned to the car and gave the detectives the drugs, and the detectives then drove the CI back to her residence. As the detectives were debriefing the CI at her residence following the controlled buy, Bright called the CI and asked her if she needed anything else. Another controlled buy was arranged, and the CI returned to Bright's apartment and purchased another $100.00 worth of crack cocaine from him. Two days later, Bright sold another $100.00 worth of crack cocaine to the CI in yet another controlled buy. During each controlled buy, the CI wore an audio recording device and the police conducted surveillance from outside the apartment. On July 14, 2011, police obtained and executed a search warrant for Bright's residence, and approximately sixteen grams of cocaine were found in a pair of Bright's pants.

---

[1] Ind. Code Ann. § 35-48-4-1 (West, Westlaw current with all 2012 legislation).

As a result of these events, the State charged Bright with one count of class A felony dealing in cocaine and three counts of class B felony dealing in cocaine. On the morning of trial, Bright orally moved for a continuance, claiming that he had not been given the opportunity to listen to the audio recordings of the controlled buys and that he was dissatisfied with his counsel's performance. The trial court denied the motion and, following a jury trial, Bright was found guilty as charged. For his class A felony conviction, Bright was sentenced to forty years, with fifteen years suspended subject to four years of active probation. Bright was sentenced to fifteen years on each of his class B felony convictions, and all of his sentences were ordered to be served concurrently. Bright now appeals.

1.

Bright first argues that the trial court abused its discretion in denying his motion for a continuance. Rulings on non-statutory motions for continuance, such as Bright's, are committed to the sound discretion of the trial court and will be reversed only for an abuse of that discretion and resultant prejudice. *Schmid v. State*, 804 N.E.2d 174 (Ind. Ct. App. 2004), *trans. denied*. In general, continuances for additional time to prepare for trial are disfavored, and trial courts are cautioned against granting such motions unless good cause is shown and a continuance is in the interest of justice. *Id.* Similarly, continuances sought shortly before trial for the purpose of hiring a new attorney are disfavored because they cause substantial loss of time for jurors, lawyers, and the court. *Id.* We will not disturb the trial court's decision absent a clear demonstration that the court abused its discretion. *Flake v. State,* 767 N.E.2d 1004 (Ind. Ct. App. 2002). Further, to establish an abuse of discretion, "the

3

defendant must make a specific showing of how he was prejudiced as a result of the trial court's denial of his motion." *Harris v. State,* 659 N.E.2d 522, 527 (Ind. 1995).

In support of his motion for a continuance, Bright argued that he had not had the opportunity to personally review the audio recordings of the controlled buys. Bright also claimed that he was dissatisfied with his counsel's performance. Specifically, he claimed that counsel had only visited him in jail once, on the day before trial, and that he had not been given a sufficient opportunity to discuss his case with counsel.

On appeal, Bright has made no attempt to explain how he was prejudiced by the trial court's denial of his motion for a continuance or how the additional time requested would have aided him in his defense. Although Bright expressed dissatisfaction with his trial counsel, he does not argue on appeal that he would have sought a different attorney had his motion for a continuance been granted. Nor has he identified what evidence he would have sought or obtained with the additional time, what new strategy he could have used, or how his defense was impaired by the lack of additional time to prepare. With respect to Bright's claim that a continuance was necessary in order to allow him time to review the audio recordings of the controlled buys, we note that the recordings were not admitted into evidence at trial, apparently because they were of very poor quality, and Bright has made no claim that the content of the recordings would have had any effect on his defense. Accordingly, we cannot conclude that Bright was prejudiced by not being granted a continuance so he could review the recordings. Because Bright has not made a specific showing of prejudice, he has not established that the trial court's denial of his motion for a continuance was an abuse of discretion.

2.

Next, Bright argues that the trial court abused its sentencing discretion by failing to find as a mitigating circumstance that his incarceration would cause an undue hardship to his fourteen-month-old son. Sentencing decisions rest within the sound discretion of the trial court. *Anglemyer v. State*, 868 N.E.2d 482 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218. So long as the sentence is within the statutory range, it is subject to review only for an abuse of discretion. *Id.* "An abuse of discretion occurs if the decision is 'clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom.'" *Id.* at 491 (quoting *K.S. v. State*, 849 N.E.2d 538, 544 (Ind. 2006)).

A trial court may abuse its sentencing discretion in a number of ways, including: (1) failing to enter a sentencing statement at all; (2) entering a sentencing statement that includes aggravating and mitigating factors that are unsupported by the record; (3) entering a sentencing statement that omits reasons that are clearly supported by the record; or (4) entering a sentencing statement that includes reasons that are improper as a matter of law. *Anglemyer v. State*, 868 N.E.2d 482. If the trial court abuses its discretion in one of these or another way, remand for resentencing is the appropriate remedy "if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record." *Id.* at 491.

We first note that Bright did not advance the alleged hardship his incarceration would cause to his son for consideration as a mitigating factor at his sentencing. "'If the defendant does not advance a factor to be mitigating at sentencing, this Court will presume that the

5

factor is not significant and the defendant is precluded from advancing it as a mitigating circumstance for the first time on appeal.'" *Hollin v. State*, 877 N.E.2d 462, 465 (Ind. 2007) (quoting *Spears v. State*, 735 N.E.2d 1161, 1167 (Ind. 2000)); *see also Anglemyer v. State*, 868 N.E.2d at 492 (holding that a sentencing court "does not abuse its discretion in failing to consider a mitigating factor that was not raised at sentencing").

Bright acknowledges that he did not ask the trial court to consider the alleged hardship to his son as a mitigating factor, but argues that his argument is preserved for appellate review because his mother and brother testified at his sentencing hearing and asked the trial court for leniency based on the fact that Bright was a new father. Bright also directs our attention to the portion of the Pre-Sentence Investigation Report indicating that Bright has a dependent born in 2010. This evidence merely establishes that Bright has a child; it does not establish that Bright's incarceration will result in an undue hardship to that child. Accordingly, Bright's argument is waived.

Waiver notwithstanding, the trial court did not abuse its discretion by failing to identify the alleged hardship to Bright's child as a mitigating factor. An allegation that the trial court failed to identify a mitigating factor requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record. *Anglemyer v. State*, 868 N.E.2d 482. The hardship to a defendant's dependents is not necessarily a significant mitigating factor because incarceration will always be a hardship on dependents. *McElroy v. State,* 865 N.E.2d 584 (Ind. 2007). Many persons convicted of crimes have dependents and, in the absence of special circumstances showing an excessive undue hardship, a trial court does not abuse its discretion by failing to consider it as a mitigating

6

circumstance. *Benefield v. State,* 904 N.E.2d 239 (Ind. Ct. App. 2009), *trans. denied.*

Bright has not alleged any such special circumstances, either at trial or on appeal. On appeal, Bright simply points out that the last five years of his sentence will occur while Bright's son is a teenager, and that Bright's son "would undoubtedly benefit from having a father to help rear him during those impressionable years." *Appellant's Brief* at 14. We do not doubt that Bright's incarceration will have a negative impact on his son, but the same is true of nearly every child with an incarcerated parent. Moreover, Bright's Pre-Sentence Investigation Report indicates that the child lives with his mother and that Bright has not been ordered to pay child support. Under these circumstances, we cannot discern any basis for Bright's claim that his incarceration would result in an undue hardship to his dependent son. The trial court did not abuse its discretion in sentencing Bright.

Judgment affirmed.

BROWN, J., and PYLE, J., concur.