Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEYS FOR APPELLANT:

**STEPHEN T. OWENS**
Public Defender of Indiana

**JOHN PINNOW**
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**J.T. WHITEHEAD**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DAVID L. HOWARD, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 46A04-1212-PC-639 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE LAPORTE SUPERIOR COURT
The Honorable Kathleen B. Lang, Judge
Cause No. 46D01-0902-PC-216

**July 11, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

David L. Howard was convicted of murder, a felony, following a jury trial. On direct appeal, this court affirmed his conviction and sentence. See Howard v. State, No. 46A03-0907-CR-299 (Ind. Ct. App. September 10, 2010) ("Howard I"). Howard subsequently petitioned for post-conviction relief, which the post-conviction court denied. He now appeals, challenging the post-conviction court's judgment, and he raises a single issue for our review, namely, whether he was denied the effective assistance of appellate counsel.

We affirm.

## FACTS AND PROCEDURAL HISTORY

This court set out the facts and procedural history in Howard I:

At around 6:30 p.m. on October 31, 2005, Howard called Jeremy Bowers and requested a ride after his vehicle broke down in rural LaPorte County. Bowers borrowed five dollars from his mother for gas and left his residence. At approximately 7:30 p.m., Lisa Howard ("Lisa") heard what sounded like a "firecracker" outside of her home. Tr. p. 63. Moments later, Lisa noticed a vehicle pull into her driveway and observed the passenger drag a body from the driver's side of the vehicle and leave it on the ground nearby. Continuing to watch, Lisa saw the passenger remove clothing from the body and drop it around the side of the house. After dropping the clothing, the passenger ran back to the vehicle, sat there for a minute or so, and then exited again to drag the body further. Lisa notified police.

Minutes later, Officers Shawn Hutchison, Shane Washluske, and Nick Krause of the Michigan City Police Department responded to the crime scene. The officers saw a vehicle in the driveway and a man in front of that vehicle. Officers walked towards the front of the vehicle and discovered a dead body, later identified as Bowers. During initial questioning, the man identified himself as Howard and handed police a red bandana and a box of shotgun shells from his own pocket. Police also noticed that Howard had blood and human tissue all over his clothes.

Additional officers processed the crime scene for evidence and were able to observe and recover a shotgun, shotgun shell casing, blood trails,

2

drag marks, and the victim's clothes. During the course of the investigation, police obtained a warrant to search Howard's residence, where they uncovered an additional box of ammunition and two shotgun shells.

On November 1, 2005, the State charged Howard with murder, a felony. On July 6, 2007, Howard was found guilty following a jury trial. On September 13, 2007, Howard was sentenced to sixty-five years in the Indiana Department of Correction with five years suspended to probation.

Id. at *1. On direct appeal, Howard alleged that the State had presented insufficient evidence to support his conviction and that his sentence was inappropriate in light of the nature of the offense and his character. We affirmed his sentence and conviction. Howard thereafter filed a petition for post-conviction relief, which the post-conviction court denied following a hearing. This appeal ensued.

## DISCUSSION AND DECISION

The petitioner bears the burden of establishing his grounds for post-conviction relief by a preponderance of the evidence. Ind. Post-Conviction Rule 1(5); Harrison v. State, 707 N.E.2d 767, 773 (Ind. 1999). To the extent the post-conviction court denied relief in the instant case, Howard appeals from a negative judgment and faces the rigorous burden of showing that the evidence as a whole "'leads unerringly and unmistakably to a conclusion opposite to that reached by the [lower] court.'" See Williams v. State, 706 N.E.2d 149, 153 (Ind. 1999) (quoting Weatherford v. State, 619 N.E.2d 915, 917 (Ind. 1993)). It is only where the evidence is without conflict and leads to but one conclusion, and the post-conviction court has reached the opposite conclusion, that its decision will be disturbed as contrary to law. Bivins v. State, 735 N.E.2d 1116, 1121 (Ind. 2000).

On appeal, Howard asserts that he received ineffective assistance from his appellate counsel.[1]  A claim of ineffective assistance of counsel must satisfy two components.  Strickland v. Washington, 466 U.S. 668 (1984).  First, the defendant must show deficient performance:  representation that fell below an objective standard of reasonableness, committing errors so serious that the defendant did not have the "counsel" guaranteed by the Sixth Amendment.  Id. at 687-88.  Second, the defendant must show prejudice:  a reasonable probability (i.e., a probability sufficient to undermine confidence in the outcome) that, but for counsel's errors, the result of the proceeding would have been different.  Id. at 694.

More specifically, Howard avers that his appellate counsel rendered ineffective assistance when he did not raise two particular issues on appeal.  As our supreme court has explained:

> To show that counsel was ineffective for failing to raise an issue on appeal thus resulting in waiver for collateral review, the defendant must overcome the strongest presumption of adequate assistance, and judicial scrutiny is highly deferential.  To evaluate the performance prong when counsel waived issues upon appeal, we apply the following test:  (1) whether the unraised issues are significant and obvious from the face of the record and (2) whether the unraised issues are "clearly stronger" than the raised issues.  If the analysis under this test demonstrates deficient performance, then we examine whether, the issues which appellate counsel failed to raise[] would have been clearly more likely to result in reversal or an order for a new trial.  Further, we must
>
>> consider the totality of an attorney's performance to determine whether the client received constitutionally adequate assistance and should be particularly sensitive to the need for separating the wheat from the chaff in appellate advocacy, and should not find deficient performance when counsel's choice of some issues over others was reasonable in

---

[1]  Howard's appellate counsel was deceased by the time of the hearing on Howard's petition for post-conviction relief.

> light of the facts of the case and the precedent available to counsel when that choice was made.
>
> Ineffective assistance is very rarely found in cases where a defendant asserts that appellate counsel failed to raise an issue on direct appeal. One reason for this is that the decision of what issues to raise is one of the most important strategic decisions to be made by appellate counsel.

Reed v. State, 856 N.E.2d 1189, 1195-96 (Ind. 2006) (citations, omissions, alterations, and some quotations omitted). With those standards in mind, we turn to Howard's contentions on appeal.

Howard first contends that his appellate counsel was deficient for not raising as an issue on direct appeal the trial court's determination that Howard was competent to stand trial. A trial court's determination of competency will only be reversed if it was clearly erroneous. Brewer v. State, 646 N.E.2d 1382, 1385 (Ind. 1995). Where the evidence is in conflict, we will normally only reverse this decision if it was clearly erroneous, unsupported by the facts and circumstances before the court and the reasonable conclusions that can be drawn therefrom. Id. Here, Dr. S.L. Prasad Babu, a psychiatrist, and John Heroldt, a psychologist, both issued reports concluding that Howard was competent to stand trial. And following a hearing, the trial court determined that Howard was competent to stand trial.

Nonetheless, Howard maintains that the competency issue was "clearly stronger than the sufficiency of the evidence argument raised on appeal." Brief of Appellant at 13. In support, Howard asserts that "[t]he nature of the offense, a point blank shooting with no indication of a motive, and Howard's apparent act of leaving the stove on in his apartment suggest a lack of rational behavior." Id. at 11. And he directs us to specific findings contained in the competency reports that Howard has "a paranoid personality,"

5

"clinically significant impairment," and "a limited capacity to assist counsel[.]" Petitioner's Exh. D and E. But any argument on direct appeal based on the evidence cited by Howard would have been a request that this court reweigh the evidence, which we will not do in reviewing a competency determination. See, e.g., Wallace v. State, 486 N.E.2d 445, 454 (Ind. 1985). The trial court's determination is supported by the conclusions of Dr. Babu and Heroldt, and Howard cannot show that his appellate counsel was deficient when he did not assert the competency issue on direct appeal.

Howard next contends that his appellate counsel should have raised the issue of Howard's mental illness as a mitigating factor in imposing a sentence. But, as the State points out, Howard does not direct us to anything in the record showing that his trial counsel proffered mental illness as a mitigating factor to the trial court. It is well settled that if a "defendant does not advance a factor to be mitigating at sentencing, this Court will presume that the factor is not significant and the defendant is precluded from advancing it as a mitigating circumstance for the first time on appeal." Hollin v. State, 877 N.E.2d 462, 465 (Ind. 2007). Here, absent a showing that this issue was preserved for direct appeal, Howard cannot demonstrate that his appellate counsel was deficient when he did not raise the issue.[2] Howard was not denied the effective assistance of appellate counsel.

Affirmed.

BAILEY, J., and BARNES, J., concur.

---

[2] Howard makes no contention that his appellate counsel should have raised as an issue on direct appeal ineffective assistance of trial counsel for failing to proffer mental illness as a mitigator.