**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**KRISTIN A. MULHOLLAND**
Appellate Public Defender
Crown Point, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

DERRICK A. HICKS,                    )
                                     )
    Appellant-Defendant,           )
                                     )
       vs.                     )          No. 45A03-1307-CR-265
                                     )
STATE OF INDIANA,                    )
                                     )
    Appellee-Plaintiff.            )

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Diane Ross Boswell, Judge
Cause No. 45G03-1206-FA-17

**April 29, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Derrick A. Hicks appeals his sentence of seventy years after his plea of guilty to Class A felony child molesting,[1] Class B felony incest,[2] Class B felony sexual misconduct with a minor,[3] and the finding that he is an habitual offender.[4] Hicks alleges his sentence is inappropriate in light of his character and the nature of his offenses. We affirm.

## FACTS AND PROCEDURAL HISTORY

From December 10, 2010, to April 7, 2012, Derrick Hicks resided in East Chicago with his daughter, M.W. Throughout this time, Hicks engaged in sexual intercourse with M.W. multiple times, and M.W. gave birth to Hicks' child. At the beginning of this period, Hicks was over the age of twenty-one and M.W. was under fourteen.

Hicks was charged with Class A felony child molesting, Class B felony incest, Class B felony sexual misconduct with a minor, Class D felony intimidation,[5] Class D felony battery,[6] Class D felony obstruction of justice,[7] and was alleged to be an habitual offender. On January 17, 2013, Hicks agreed to plead guilty to the counts of child molesting, incest, and sexual misconduct with a minor in exchange for the dismissal of the other charges. On March 28, 2013, Hicks moved to withdraw his plea and he requested a new public defender.

The trial court denied the motion and Hicks again agreed to plead guilty. After

---

[1] Ind. Code § 35-42-4-3.
[2] Ind. Code § 35-46-1-3.
[3] Ind. Code § 35-42-4-9.
[4] Ind. Code § 35-50-2-8.
[5] Ind. Code § 35-45-2-1.
[6] Ind. Code § 35-42-2-1.
[7] Ind. Code § 35-44.1-2-2.

making findings of mitigating and aggravating circumstances,[8] the court sentenced Hicks to thirty years for child molestation, ten years for incest, and ten years for sexual misconduct with a minor. The incest sentence would be served consecutively to the child molestation sentence, and the sexual misconduct with a minor sentence would be served concurrently with the sentence for incest, for a sentence of forty years. The court also found Hicks to be an habitual offender and enhanced his sentence by thirty years, for an aggregate sentence of seventy years.

## DISCUSSION AND DECISION

We may revise a sentence if "after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense *and* the character of the offender." Ind. Appellate Rule 7(B) (emphasis added). The appellant bears the burden of demonstrating the sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). We do not give complete deference to the trial court, but we recognize "the unique perspective a trial court brings to its sentencing decisions" and give due consideration to its decision. *Williams v. State*, 891 N.E.2d 621, 633 (Ind. Ct. App. 2008) (quoting *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007)).

In analyzing the "nature of the offense" prong of a Rule 7(B) analysis, the advisory sentence is the starting point that the legislature has determined to be appropriate for a given

---

[8] The trial court found as a mitigating factor that Hicks did not have the benefit of a plea agreement. It found as aggravating factors that the "harm suffered by the victim of the offense was greater than the elements necessary to prove the commission of the crime; in that it lasted over an extended period of time and that a child was conceived out of those sexual encounters," that Hicks had two prior felony convictions, and that Hicks was in a position of trust with the victim. (App. at 51.)

3

crime. *Anglemyer v. State*, 868 N.E.2d 482, 494, *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). The advisory sentence for a Class A felony is thirty years with a range of twenty to fifty years. Ind. Code § 35-50-2-4. The advisory sentence for a Class B felony is ten years with a range of six to twenty years. Ind. Code § 35-50-2-5. The sentence enhancement for an habitual offender finding is "an additional fixed term that is not less than the advisory sentence for the underlying offense nor more than three (3) times the advisory sentence for the underlying offense. However, the additional sentence may not exceed thirty (30) years." Ind. Code § 35-50-2-8.

Our analysis of the "nature of the offense" requires us to look at the extent and depravity of the offense rather than comparing the facts at hand to other cases. *Brown v. State*, 760 N.E.2d 243, 247 (Ind. Ct. App. 2002), *trans. denied*. Hicks was the victim's father. For several years, he sexually molested his daughter beginning at a time when she was under the age of fourteen, and she became pregnant with Hicks' child.

In light of the nature of the offense, Hicks' sentence was not appropriate. The trial court sentenced Hicks to the advisory sentence for each count -- thirty years for the Class A felony count, ten years for both Class B felony counts, and thirty years for the habitual offender finding attached to the Class A felony child molestation count. The depravity and extent of the crime permit the sentence imposed. *Cf. Brown*, 760 N.E.2d at 247.

In looking at the character of an offender, we consider the defendant's age, criminal history, background, and remorse. *James v. State*, 868 N.E.2d 543, 548-49 (Ind. Ct. App. 2007). Hicks' character does not require a reduction in his sentence. While we acknowledge

4

Hicks' testimony regarding his harsh treatment as a child, Hicks, in his forties, has numerous criminal convictions. Two are the felonies supporting the habitual offender finding.[9] His most recent conviction is based on the sexual molestation of his daughter over the course of multiple years. While Hicks argues his apology letter demonstrates remorse for his crime, it does not lessen the effects his actions had on his daughter. Hicks' character does not support finding his sentence is inappropriate.

Hicks has not demonstrated that his sentence is inappropriate based on his character and the nature of the offense. Accordingly, we affirm.

Affirmed.

VAIDIK, C.J., and RILEY, J., concur.

---

[9] Hicks argues that, under *Frye v. State*, these felonies are significantly old so as to not be given much weight. *Frye v. State*, 837 N.E.2d 1012 (Ind. 2005) (*reh'g. denied*). However, *Frye* is distinguishable. In *Frye*, our Indiana Supreme Court reduced Frye's burglary sentence from forty years to twenty-five. *Id.* at 1015. The trial court calculated Frye's forty year sentence based on ten years for the burglary offense, five years for an enhancement, and twenty-five years because Frye was an habitual offender. *Id.* at 1014. There the trial court increased the habitual offender enhancement over the presumptive sentence, which the Supreme Court found inappropriate in light of the nature of the offense or Frye's character. *Id.* Here, however, the trial court did not exceed the presumptive sentence for the habitual offender finding, but rather followed the language of the statute which provides an "additional fixed term that is not less than the presumptive sentence for the underlying offense." Ind. Code § 35-50-2-8(h). As the trial court followed the language of the statute, we find no error.