**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**LAURA M. TAYLOR**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| TARIK FIELDS, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No.  49A02-1401-CR-27 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Amy M. Jones, Judge
Cause No. 49F08-1203-FD-18112

**September 3, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Tarik Fields ("Fields") challenges the sentence imposed upon his convictions for Criminal Recklessness[1] and Criminal Confinement,[2] as Class D felonies. He presents the sole issue of whether the trial court abused its sentencing discretion by ignoring a mitigating circumstance. We affirm.

**Facts and Procedural History**

On March 17, 2012, Fields physically attacked his neighbor, Robert Miller ("Miller"), and pushed Miller up against a wall. While Fields held Miller by the throat, he raised a knife and made a striking motion. Miller was able to push against Fields's groin, break free, and run away. The State charged Fields with Strangulation, Battery, Criminal Recklessness, and Criminal Confinement. At the conclusion of a bench trial conducted on December 12, 2013, Fields was convicted of the latter two charges.

On December 19, 2013, Fields was given two concurrent sentences of three years imprisonment, with one year suspended to probation. This appeal ensued.

**Discussion and Decision**

Upon conviction of a Class D felony, Fields faced a sentencing range of six months to three years, with an advisory sentence of one and one-half years. See Ind. Code § 35-50-2-7. For each conviction, he received an aggregate sentence of three years, with one year

---

[1] Ind. Code § 35-42-2-2 (2012).

[2] Ind. Code § 35-42-3-3 (2012).

suspended. In imposing this sentence, the trial court found Field's criminal history,[3] additional recent convictions,[4] and violation of probation to be aggravating and his mental health diagnoses (Paranoid Schizophrenia and Bi-Polar Disorder) to be mitigating.

Fields now argues that the trial court abused its sentencing discretion by ignoring evidence of a second mitigating circumstance, specifically, his "struggles with medication." Appellant's Brief at 2.

"So long as the sentence is within the statutory range, it is subject to review only for abuse of discretion." Anglemyer v. State, 868 N.E.2d 482, 490 (Ind. 2007), clarified on other grounds, 875 N.E.2d 218 (Ind. 2007) (Anglemyer II). This includes the finding of an aggravating circumstance and the omission to find a proffered mitigating circumstance. Id. at 490-91. When imposing a sentence for a felony, the trial court must enter "a sentencing statement that includes a reasonably detailed recitation of its reasons for imposing a particular sentence." Id. at 491.

The trial court's reasons must be supported by the record and must not be improper as a matter of law. Id. However, a trial court's sentencing order may no longer be challenged as reflecting an improper weighing of sentencing factors. Id. A trial court abuses its discretion if its reasons and circumstances for imposing a particular sentence are clearly against the logic and effect of the facts and circumstances before the court, or the reasonable,

---

[3] Fields had three prior felony convictions (including convictions for Sexual Battery and Intimidation) and eight prior misdemeanor convictions. He had three probation revocations.

[4] After committing the instant offenses, Fields was convicted of two additional felonies.

probable, and actual deductions to be drawn therefrom.  Hollin v. State, 877 N.E.2d 462, 464 (Ind. 2007).

An allegation that the trial court failed to identify or find a mitigating factor requires the defendant to establish that the mitigating evidence is not only supported by the record but also that the mitigating evidence is significant.  Anglemyer II, 875 N.E.2d at 220-21.

At the sentencing hearing, defense counsel specifically asked the trial court to consider Fields's "mental health issues."  (Tr. 45.)  With respect to medication, defense counsel indicated that "medication management" had been "the biggest issue" and that Fields had displayed "some hesitance in remaining on medication."  (Tr. 45.)

To the extent that Fields can be said to have raised medication management as a separate mitigating circumstance, the argument of counsel was not ignored.  The trial court commented:

> I do have some concern [about] the management of his medications and being non-compliant with that.  That seems to be, that seems to be the issue throughout your whole life is you don't want to take the medication and quite frankly until you decide you want to seek that treatment you're probably going to be in jail most of your life because it's not working for you.  You not taking medication and you not getting treatment is not working and I don't know at what point that's ever going to make sense to you.

(Tr. 50.)  Thus, the trial court considered Field's non-compliance with medication to be a circumstance contributing to his criminal conduct, as opposed to a mitigating circumstance. We find no abuse of discretion in this regard.

**Conclusion**

4

Fields has not shown that the trial court abused its sentencing discretion by ignoring significant mitigating evidence of record.

Affirmed.

NAJAM, J., and PYLE, J., concur.