ATTORNEY FOR APPELLANT
R. Patrick Magrath
Madison, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Stephen R. Creason
Joseph Y. Ho
Deputies Attorney General
Indianapolis, Indiana



FILED
Jul 26 2012, 11:17 am

CLERK
of the supreme court,
court of appeals and
tax court

# In the
# Indiana Supreme Court

No. 40S01-1206-CR-309

ROGER L. BUSHHORN,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Jennings Circuit Court
No. 40C01-1001-FA-10
The Honorable Jon W. Webster, Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 40A01-1107-CR-315

**July 26, 2012**

**Per Curiam.**

Roger Bushhorn coordinated an escape attempt from the Jennings County jail with his cellmate, James Smith, and another inmate, Ryan Renfroe. They were armed with sharpened pieces of metal, or "shanks," that the men had fashioned from a metal hanger in preparation for

the escape attempt. Shortly after midnight, Bushhorn asked 54-year-old jail officer Vicki Day to let him out of the holding cell so he could use the restroom, and Day allowed Bushhorn to exit. Smith asked to leave the cell too, but his request was denied. As Day was shutting the cell door, Smith forced it open and forced Day to the floor. Bushhorn took the keys from the officer, used them to open Renfroe's cell and handed him one of the shanks. Then Bushhorn handcuffed the officer and took her chemical agent container. At Smith's direction, Bushhorn used the officer's radio to tell the jail controller to open the door into another area of the jail or Smith would kill the officer. The door did not open, and Smith began stabbing Day. When two other jail officers, Shawn McDaniel and 67-year-old Walter Peace, entered the area, Bushhorn sprayed the chemical agent at them and handcuffed them. At that point, numerous police officers entered the area and took the three inmates into custody.

Bushhorn was charged with three counts of kidnapping (class A felonies), three counts of criminal confinement while armed with a deadly weapon and resulting in serious bodily injury (class B felonies), one count of attempted escape while armed with a deadly weapon (a class B felony), one count of attempted escape resulting in bodily injury to the officers (a class B felony), and three counts of battery while armed with a deadly weapon and resulting in serious bodily injury (class C felonies).

Bushhorn pled guilty to kidnapping officer Day, the confinement charges relating of officers Peace and McDaniel, and attempted escape. This was an open plea, so sentencing was left to the trial court. The trial court imposed an enhanced 35-year sentence (with three years suspended) for the kidnapping, and minimum 6-year sentences for the four class B felonies. The

2

trial court ordered the kidnapping sentence and the two confinement sentences to be served consecutive to each other, and the attempted escape sentence to be served concurrently with the other sentences. Thus, the aggregate sentence was forty-seven years with three years suspended.

As aggravating factors, the trial court identified: Bushhorn's criminal history (including possession of alcohol by a minor, three juvenile adjudications for theft-related offenses he committed while a teenager, and the two 2009 theft-related felonies for which he had been serving his sentence during the attempted escape); the planned nature of the escape (including preparing the shanks and learning the routine of jail staff); the selection of the female officer as the first target; Bushhorn's several opportunities to break off the escape, which he did not take; and other circumstances of the events. As mitigating factors, the trial court noted Bushhorn's guilty plea; his GED certificate; his remorse (he had apologized in person and by letter to the jail officers); and his relatively young age (he was 20 at the time of the attempted escape).

Bushhorn appealed, arguing that a substantial portion of the aggravating factors relied upon by the trial court were not adequately supported by the record, and that imposition of an aggravated kidnapping sentence plus consecutive sentencing on other counts was an abuse of the trial court's discretion. In addition, he argued that the aggregate sentence was inappropriate in light of the nature of the offense and the character of the offender. *See* Appellate Rule 7(B).

Citing that rule, the Court of Appeals concluded that Bushhorn had met his burden of establishing that the sentence was inappropriate, and it revised the sentence so that the four class B felonies were concurrent with the thirty-five year kidnapping sentence, for an aggregate

sentence of thirty-five years. Because of that resolution, the Court of Appeals did not decide whether the trial court had abused its discretion. Bushhorn v. State, No. 40A01-1107-CR-315, slip op. (Ind. App. Feb. 16, 2012).

We granted the State's petition to transfer jurisdiction to this Court and heard oral argument. Having reviewed the matter, our collective judgment is that the trial court's sentence is not inappropriate under Appellate Rule 7(B) and there was no abuse of discretion. *See* Cardwell v. State, 895 N.E.2d 1219, 1222-1225 (Ind. 2008) (discussing appellate review of sentencing and claims of abuse of discretion in sentencing under the current sentencing scheme); Anglemyer v. State, 868 N.E.2d 482, 490-91 (Ind. 2007) (discussing appellate review of sentences under the current sentencing scheme); (Serino v. State, 798 N.E.2d 852, 856-857 (Ind. 2003) (discussing the adoption of Appellate Rule 7(B)'s present language and noting that enhanced and consecutive sentences can be appropriate when the same offense is committed against two victims).

Accordingly, we affirm the sentence imposed by the trial court and summarily affirm the decision of the Court of Appeals in all other respects. *See* Ind. Appellate Rule 58(A).

Dickson, C.J., and Rucker, David, and Massa, JJ., concur.
Sullivan, J., would deny transfer.