

**FILED**

Apr 16 2015, 9:47 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

| | |
|---|---|
| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
| Alexander L. Hoover | Gregory F. Zoeller |
| Law Office of Christopher D. Walter | Attorney General of Indiana |
| Nappanee, Indiana | |
| | Richard C. Webster |
| | Deputy Attorney General |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jeffery J. Hunt, | April 16, 2015 |
| *Appellant-Defendant,* | Court of Appeals Case No. 20A03-1408-CR-00300 |
| v. | Appeal from the Elkhart Circuit Court |
| State of Indiana, | The Honorable Terry Shewmaker, Judge |
| *Appellee-Plaintiff* | Cause No. 20C01-1311-FA-064 |

**Mathias, Judge.**

[1] Jeffery Hunt ("Hunt") pleaded guilty in Elkhart Circuit Court to Count I, Class A felony robbery while armed with a deadly weapon causing seriously bodily injury; Count II, Class A felony burglary; Count III, Class B felony conspiracy to commit burglary; and Count IV, Class B felony criminal confinement. Hunt was sentenced to an aggregate term of 120 years executed in the Department of Correction. Hunt appeals and argues that the 120-year sentence imposed by the

trial court is inappropriate in light of the nature of the offense and the character of the offender.

[2] We reverse and remand.

## Facts and Procedural History

[3] On November 4, 2013, around 9 p.m., Hunt and his father, Jeffrey Hill ("Hill"), knocked on the door of the New Paris residence of Don and Joan Neer. Eighty-two year old Don Neer came to the door but refused to open it. Hunt and Hill forced their way into the home, and Hunt struck Mr. Neer on the head with a tire iron, then struck him several more times with the tire iron and his fists as Mrs. Neer watched helplessly.[1] As a result of the attack, Mr. Neer suffered lacerations on his head, three fractured vertebrae in his neck, and a bruised wrist. Hunt and Hill then forced Mr. Neer into the living room, restrained him in a chair, and went through the house, taking guns, a television, and cash.

[4] The State charged Hunt with Count I, Class A felony robbery while armed with a deadly weapon causing seriously bodily injury; Count II, Class A felony burglary; Count III, Class B felony conspiracy to commit burglary; and Count IV, Class B felony criminal confinement. Hunt initially pleaded not guilty, but on June 19, 2014, he withdrew his plea of not guilty and pleaded guilty to all four charges.

---

[1] Hunt claims that it was his father who struck Mr. Neer with the tire iron. However, both Mr. and Mrs. Neer stated that Hunt was the one who beat Mr. Neer.

[5] The trial court held a sentencing hearing on July 31, 2014. At the hearing, the trial court considered the fact that Hunt accepted responsibility by pleading guilty without the benefit of a plea agreement and Hunt's age, twenty-six years, as mitigating circumstances. The trial court then found the following aggravating factors: Hunt's criminal history and especially his two prior burglary convictions, the fact that he had multiple victims, the age of the victims, the extensive injuries suffered by Mr. Neer, the fact that Hunt failed to seek medical attention for Mr. Neer after beating him, the fact that Hunt would not allow Mr. Neer to take his heart medication when he needed it, and the fact that Hunt was determined to be at a high risk to reoffend. After finding that the aggravating factors outweighed the mitigating factors, the trial court sentenced Hunt to fifty years for Count I, fifty years for Count II, twenty years for Count III, and twenty years for Count IV. The sentences for Counts I, II, and IV were to be served consecutively, and the sentence for Count III was to be served concurrently with the sentence for Count IV, for an aggregate sentence of 120 years.

[6] Hunt now appeals.

## Discussion and Decision

[7] Hunt argues that his sentence is inappropriate in light of the nature of the offense and the character of the offender. Pursuant to Indiana Appellate Rule 7(B), we may revise a sentence otherwise authorized by statute if, "after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the

offender." Although we have the power to review and revise sentences, the principal role of our review should be to attempt to level the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve what we perceive to be a "correct" result in each case. *Fernbach v. State*, 954 N.E.2d 1080, 1089 (Ind. Ct. App. 2011), *trans. denied* (citing *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008)).

[8] Also, "we must and should exercise deference to a trial court's sentencing decision, both because Rule 7(B) requires us to give 'due consideration' to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions." *Stewart v. State*, 866 N.E.2d 858, 866 (Ind. Ct. App. 2007). The question under Appellate Rule 7(B) is not whether another sentence is more appropriate; rather, the question is whether the sentence imposed is inappropriate. *Fonner v. State*, 876 N.E.2d 340, 344 (Ind. Ct. App. 2007). It is the defendant's burden on appeal to persuade us that the sentence imposed by the trial court is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[9] In exercising our review power, we are not required to compare a defendant's sentence with sentences received by other defendants in similar cases. *Knight v. State,* 930 N.E.2d 20, 22 (Ind. 2010). However, comparison of sentences among those convicted of the same or similar offenses can be a proper consideration when deciding whether a particular sentence is inappropriate. *Id.* Our supreme court has stated, "Of course, a respectable legal system attempts to impose

similar sentences on perpetrators committing the same acts who have the same backgrounds." *Serino v. State,* 798 N.E.2d 852, 854 (Ind. 2003).

[10] Hunt pleaded guilty to Count I, Class A felony robbery while armed with a deadly weapon resulting in serious bodily injury; Count II, Class A felony burglary; Count III, Class B felony conspiracy to commit burglary, and Count IV, Class B felony criminal confinement. On the date of Hunt's offense,[2] the sentencing range for a Class A felony was twenty to fifty years, with thirty years being the advisory sentence. *See* Ind. Code § 35-50-2-4. The sentencing range for a Class B felony was six to twenty years, with ten years being the advisory sentence. *See* Ind. Code § 35-50-2-5. The trial court imposed a sentence of fifty years for Count I, fifty years for Count II, twenty years for Count III, and twenty years for Count IV. The trial court ordered that the sentences for Counts I, II, and IV be served consecutively and that the sentence for Count III be served concurrently with the sentence for Count IV, for an aggregate sentence of 120 years.[3]

[11] The facts in this case are undisputedly heinous; Hunt admits as much in his brief. Hunt and his father forced their way into the residence of an elderly

---

[2] The date of Hunt's offense was November 4, 2013. Indiana's revised sentencing statutes took effect on July 1, 2014.

[3] The maximum possible aggregate sentence for the four convictions was 140 years. Hunt does not challenge his burglary and conspiracy to commit burglary convictions on double jeopardy grounds. However, even if he did raise a double jeopardy argument, this argument would be waived. Our supreme court has held that a defendant waives his challenge to the propriety of his convictions, including challenges on double jeopardy grounds, when he enters a guilty plea. *See Collins v. State*, 817 N.E.2d 230, 231 (Ind. 2004).

couple, who they knew were home at the time. Hunt struck Mr. Neer on the head, mouth, and arm with a tire iron and confined the Neers in their living room. Mr. Neer was unable to work following the break-in and had to postpone a scheduled surgery to remove a tumor on his lungs. Mrs. Neer stated that she has suffered emotional trauma from the attack and that, at night, she still has visions of a hooded Hunt standing in the hallway of her home.

[12]   Hunt also has a criminal history that includes juvenile adjudications in Illinois for attempted theft and drug possession. He has previously been convicted of burglary, residential burglary, and battery in Illinois and for operating a vehicle never having been licensed and criminal conversion in Indiana. Hunt failed to appear for his criminal proceedings eight different times. Despite the fact that Hunt pleaded guilty to the crimes, he has continued to blame his father for involving him in the crimes and claims that it was his father who beat Mr. Neer, even though both Mr. Neer and Mrs. Neer insist that Hunt was the person who struck Mr. Neer.

[13]   However, our review of reported cases decided since adoption of the "inappropriate" standard for reviewing sentences reveals that sentencing for similar cases has generally ranged from twenty-six years to ninety years. *See Campbell v. State*, No. 13S05-1410-PC-682, 2014 WL 5490577 (Ind. Oct. 30, 2014) (affirming ninety-year sentence for convictions for two counts of attempted murder, Class A felony burglary resulting in serious bodily injury, Class B felony aggravated battery, and Class C felony battery); *Bushhorn v. State*, 971 N.E.2d 80, 81 (Ind. 2012) (forty-seven year aggregate sentence for Class A

felony kidnapping, three counts of Class B felony criminal confinement, and Class B felony attempted escape); *Joseph v. State*, 975 N.E.2d 420, 424 (Ind. Ct. App. 2012) (twenty-six year aggregate sentence for Class A felony burglary resulting in bodily injury, Class B felony attempted armed robbery, and Class B felony criminal confinement); *Kennedy v. State*, 934 N.E.2d 779 (Ind. Ct. App. 2010) (affirming twenty-seven year aggregate sentence with three years suspended for convictions for Class A felony robbery and Class A felony conspiracy to commit robbery); *Upton v. State*, 904 N.E.2d 700, 702 (Ind. Ct. App. 2009) (ninety-year sentence for two counts of Class A felony child molesting and three counts of Class B felony child molesting).

[14] After surveying sentences imposed in similar cases, we conclude that Hunt's 120-year sentence is an "outlier" that is in need of revision. To be clear, we need not ensure that all sentences for similar acts and defendants are precisely the same.

[15] We further note that the maximum aggregate sentence Hunt could have received had he actually killed Mr. Neer is 113 years. *See* Indiana Code section 35-50-2-3(a) ("A person who commits murder shall be imprisoned for a fixed term of between forty-five (45) and sixty-five (65) years, with the advisory sentence being fifty-five (55) years.").[4] As heinous as Hunt's crime was, it would

---

[4] If Hunt had killed Mr. Neer and been convicted of murder, his maximum aggregate sentence would have been 65 years for murder, twenty years for each of the two Class B felony convictions, and eight years for Class C felony burglary, for a total of 113 years.

be disproportionate[5] to impose a sentence for his crime resulting in serious bodily injury to the victim that is greater than the sentence that would be imposed upon Hunt for killing the victim.

[16]     We therefore direct that Hunt's sentence be revised as follows: that his sentences for his two Class A felony convictions be reduced from fifty years to thirty years each, and his sentences for his two Class B felony convictions remain unchanged at twenty years each, all to be served consecutively, for an aggregate sentence of 100 years. We remand with instructions that the trial court issue an amended sentencing order to carry out this revision.

## Conclusion

[17]     For all of these reasons, we conclude that Hunt's sentence is inappropriate in light of the nature of the offense and the character of the offender and direct that it be revised to an aggregate term of 100 years.

[18]     Reversed and remanded for proceedings consistent with this opinion.


Baker, J., and Crone, J., concur.

---

[5] Article 1, section 16 of the Indiana constitution provides that "[a]ll penalties shall be proportioned to the nature of the offense."