CRONE, Judge,
concurring in part and dissenting in part.
[36] I fully concur as to issues I and II. As to issue III, I respectfully dissent.
[37] Here, as the majority notes, the trial court
essentially relied on the elements of one offense to support an above-advisory sentence for the other offense, and vice versa. In other words, the judge relied *1012 on (1) the fleeing element from Mannix’s conviction for failure to stop after an accident resulting in death to support an above-advisory sentence for OWI causing death and (2) the intoxication element from Mannix’s conviction for OWI causing death to support an above-advisory sentence for failure to stop after an accident resulting in death.
Op. at 1011. Gomillia does not prohibit this, nor does it require that a trial court find “something unique about the circumstances that would justify deviating from the advisory sentence” for an offense based on an element of another offense. 13 N.E,2d at 852-53.[8] But even if the trial court had been required to do so in this case, I believe that the distinguishing elements of the offenses (fleeing, intoxication) are self-evident and therefore sufficient to support the trial court’s sentence.
[38] On a more basic level, it is beyond dispute that committing multiple offenses is worse than committing one offense. Just as a person who harms multiple victims may deserve more punishment than a person who harms one victim,[9] a person who commits multiple offenses may deserve more punishment than a person who commits only one, offense. I fail to see how the commission of two offenses cannot be considered an aggravating circumstance compared to the commission of one offense.
[39] Man-nix asks us to-reduce her sentence pursuant to' Indiana Appellate Rule 7(B), which provides that we may revise a sentence authorized by statute if, after due consideration of the trial court’s decision, we find that the sentence is inappropriate in light of the nature of the offense and the character of the offender. “The purpose of our review is not to reach what we perceive to be a ‘correct’ sentence but merely to ‘leaven the outliers.’ ” Gibson v. State, 43 N.E.3d 231, 241 (Ind.2015) (quoting Knapp v. State, 9 N.E.3d 1274, 1292 (Ind.2014)). “Because sentencing is a highly case-sensitive endeavor, we recognize it is generally a decision best made at the trial court level.” Id. “[A]ppellate review should focus on the forest — the aggregate sentence — rather than the trees — consecutive or concurrent, number of counts, or length of the sentence on any individual count.” Cardwell v. State, 895 N.E.2d 1219,1225 (Ind.2008).
[40]“When reviewing the appropriateness of a sentence under Rule 7(B), we may consider all 'aspects of the penal consequences imposed by the trial court in sentencing the defendant, including whether a portion of the sentence was suspended.” Weedman v. State, 21 N.E.3d 873, 894 (Ind.Ct.App.2014), trans. denied (2015). Here, the trial court suspended two years of Mannix’s concurrent six-year terms and allowed her to spend one of the four remaining years on home detention rather than in the Department of Correction. “The question under Appellate Rule 7(B) is not whether another sentence is more appropriate; rather, the question is whether the sentence imposed is inappro *1013 priate. It is the defendant’s burden on appeal to persuade us that the sentence imposed by the trial court is inappropriate.” Hunt v. State, 43 N.E.3d 588, 590 (Ind.Ct.App.2015) (citation omitted), trans. denied.
[41] Mannix’s “nature of the offense” argument is based solely on the trial court’s reliance on the elements of one offense to support an enhanced sentence for the other offense. This is more properly characterized as a claim that the trial court abused its discretion in considering aggravating factors, which requires a separate analysis. King v. State, 894 N,E.2d 265, 267 (Ind.Ct.App.2008). I would find no abuse of discretion for the reasons given above, and I would also find that Man-nix has waived her inappropriateness argument as to the nature of her offenses.
[42] Waiver notwithstanding, I find such 'argument unpersuasive. Mannix drank at least six beers and got behind the wheel of her car in the middle of the night. She drove off the road for over 100 feet and struck Alex Trabert with enough force to knock him put of his shoes and into her windshield, which shattered. She made only a cursory effort to find whatever she hit, did not attempt to summon help, drove home, and went to bed. Later that morning, Trabert’s dead body was found on the side of the road, and Mannix’s .blood tested positive for both alcohol and marijuana. The nature of Mannix’s offenses supports a sentence above the advisory term and reflects unfavorably on her character. Although she has no criminal history and has achieved some educational and vocational success, she exhibited extremely poor judgment that resulted in the death of an innocent young man. She has used alcohol and marijuana since she was a teenager, and she continued to consume alcohol until the week of trial. Appellant’s App. at 237 (presentence investigation report). Mannix has failed to persuade me that the trial court’s sentence is inappropriate, and therefore I would affirm it.

. The Gomillia court's rationale for requiring a .trial court to find "something unique about the circumstances that would justify deviating from the advisory sentence” for an offense based on an element of that offense is that "the Legislature has determined the appropriate advisory sentence based upon the elements of the offense.” ,13 N.E.3d.at 852-53. That rationale does not (and in my view should not) apply to the enhancement of a sentence based on an element of a separate offense.

. See Serino v. State, 798 N.E.2d 852, 857 (Ind.2003) ("[Wjhen the perpetrator commits the same offense against two victims, enhanced and consecutive sentences seem necessary to vindicate the fact that there were separate harms and separate acts against more than one person.”).