## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 09 2016, 8:32 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Mark A. Foster
Foster, O'Daniel, Hambidge & Lynch, LLP
Evansville, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Derrick E. Hampsch, *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, *Appellee-Plaintiff.* | May 9, 2016 <br><br> Court of Appeals Case No. 42A01-1510-CR-1682 <br><br> Appeal from the Knox Superior Court. <br> The Honorable Jeffrey L. Biesterveld, Special Judge. <br> Cause No. 42D01-1410-FC-29 |

### Friedlander, Senior Judge

[1] Derrick E. Hampsch appeals the sentence the trial court imposed on his conviction of sexual misconduct with a minor, a Class C felony. We affirm in part, reverse in part, and remand.

[2] Hampsch worked as a youth minister at a church in Vincennes, Indiana. He was married with three children. In 2009, when he was twenty-six, thirteen-year-old G.D. was a member of his youth group. Her parents met privately with Hampsch to inform him G.D. had a crush on him, expecting he would deal with it appropriately.

[3] Instead, Hampsch had sexually-oriented conversations with G.D. via Facebook over a period of several months. Hampsch and his wife had a joint Facebook account, but Hampsch secretly created a separate account to exchange sexually explicit messages with G.D. using that account's private messaging function. He also exchanged sexually explicit text messages with her. In addition, Hampsch had lunch with his youth group members at their schools. During lunch visits to G.D.'s school, he frequently sat next to her and rubbed her leg.

[4] In the fall of 2009, Hampsch took G.D. into a storage room at the church and fondled her breasts. In April 2010, Hampsch took his youth group to a church conference in Madison County, Indiana. He arranged for G.D., who had by then turned fourteen, to meet him in a private room after everyone had gone to sleep. Hampsch inserted his finger into G.D.'s vagina while he made her fondle his penis.

[5] On April 30, 2010, Hampsch and G.D. were at their church in Vincennes. Hampsch had G.D. come into his office and locked the door. He then made G.D. fondle his penis.

[6]     In June 2010, Hampsch and other adults from the church took the youth group to an event in Illinois. After all of the children had gone to sleep, Hampsch and G.D. met in secret, where he digitally penetrated her vagina and required her to fondle his penis.

[7]     The record demonstrates Hampsch had inappropriate discussions with another youth group member. A church member discovered that Hampsch had sent her daughter flirty texts that made her daughter "feel violated, confused, dirty, ashamed, and very broken hearted." *Id.* at 70.

[8]     After several years, G.D. disclosed Hampsch's sexual abuse to her mother, who contacted the authorities. The State began this case by charging Hampsch with sexual misconduct with a minor, a Class C felony, in relation to the April 30, 2010 incident where he made G.D. fondle his penis in his office.

[9]     The State opened a separate criminal case against Hampsch in Madison County, charging him with sexual misconduct with a minor as a Class B felony for his acts against G.D. at the April 2010 church conference. He pleaded guilty as charged in that case, without any concessions from the State, and received a twenty-year sentence. The Court affirmed his sentence in that case. *Hampsch v. State*, Case No. 48A05-1507-CR-979 (Ind. Ct. App. Feb. 26, 2016), *trans. pending*.

[10]    Meanwhile, in this case Hampsch also pleaded guilty as charged, again without any concessions from the State. The trial court accepted the guilty plea. Prior

to his misconduct with G.D., Hampsch had no criminal record. At sentencing, the trial court identified aggravating and mitigating factors as follows:

> The Court having entered Judgment of Conviction in this cause, having considered the Pre-Sentence Investigation and the arguments and evidence of counsel, now makes the following findings: In way of aggravating factors, the Court determines that the Defendant was in a position having care, custody, control of the victim. Being a clergy member creates a special trust. The family in this case trusted you. The victim trusted you. You took this duty upon yourself and you became a clergy member. The Court also finds that the harm, injury, loss or damage suffered by the victim of this offense was significant and greater than the elements necessary to prove the commission of the offense. The Court's experience and the victim's letter tell me that the victim will carry this stigma of the offense for the rest of her life and that her relationships with men, with her church, with her family will be affected forever, far beyond these Courthouse doors. By way of mitigating factors, the Court does find that the Defendant pled guilty, accepted responsibility for his actions. He saved the victim from going through a trial and saved the Court's time and resources. The Court also notes that by way of mitigating factors, that prior to this, this Defendant has no history of delinquency or criminal activity, prior to this offense and the offense previously stated in the other county. In way of consecutivity [sic], the Court finds that this is not the part of a single episode of criminal conduct as argued, that these are two separate instances, separate and distinct although the conduct is similar, but the time, the place, the location, the distance make these separate and distinct instances. The Court finds that in way of mitigating factors, that this is a hardship created by the Defendant's actions. It's a substantial hardship, but it's not an undue hardship.

Tr. pp. 29-30. The court sentenced Hampsch to six years, to be served consecutively to his twenty-year sentence from Madison County. This appeal followed.

[11] Hampsch raises two categories of sentencing challenges. He claims: (1) the trial court abused its discretion in the course of identifying aggravating and mitigating factors; and (2) his sentence is inappropriate in light of the nature of the offense and the character of the offender. We conclude the trial court did not abuse its sentencing discretion, and Hampsch's six-year sentence is not inappropriate, but it is inappropriate in light of the nature of the offense and the character of the offender for Hampsch to serve this sentence consecutively with the twenty-year sentence from Madison County.

## 1.

[12] In general, sentencing decisions are left to the sound discretion of the trial court, and we review the trial court's decision only for an abuse of discretion. *Singh v. State*, 40 N.E.3d 981 (Ind. Ct. App. 2015), *trans. denied*. An abuse of discretion will be found where the decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom. *Bisard v. State*, 26 N.E.3d 1060 (Ind. Ct. App. 2015), *trans. denied*. A trial court may abuse its discretion in a number of ways, including: (1) failing to enter a sentencing statement at all; (2) entering a sentencing statement that includes aggravating and mitigating factors that are unsupported by the record; (3) entering a sentencing statement that omits

reasons that are clearly supported by the record; or (4) entering a sentencing statement that includes reasons that are improper as a matter of law. *Id.*

[13] Hampsch argues the trial court gave insufficient weight to the mitigating factors, specifically, his lack of a criminal history, his guilty plea, and the hardship that his family will experience during his incarceration. A trial court does not have an obligation to explicitly weigh aggravating and mitigating factors when imposing a sentence. *Id.* As a result, the relative weight a trial court assigns to aggravating and mitigating circumstances is not subject to appellate review. *J.S. v. State*, 928 N.E.2d 576 (Ind. 2010).

[14] Next, Hampsch claims the trial court overlooked mitigating factors. A trial court must consider the mitigating factors presented by a defendant, but a finding of mitigating circumstances is discretionary, not mandatory. *Harlan v. State*, 971 N.E.2d 163 (Ind. Ct. App. 2012). The trial court is not obligated to credit the facts in the way the defendant suggests they should be credited. *Id.*

[15] Hampsch argues he demonstrated his crime was the result of circumstances unlikely to recur, which is a statutory mitigating circumstance. *See* Ind. Code § 35-38-1-7.1(b)(2) (West, Westlaw 2008). In support of his argument, he points to a report from an expert who examined him and concluded he is not a pedophile. Other evidence in the record weighs against a conclusion that his crime is unlikely to recur. Hampsch groomed G.D. over several months and molested her several times over several more months. He had ample opportunity to stop, but he continued his misconduct. Further, the record

reflects inappropriate text messages with another girl. We cannot conclude Hampsch's proposed mitigating factor is clearly supported by the record. *See Harlan*, 971 N.E.2d 163 (trial court did not err by rejecting claim crime was unlikely to recur; defendant repeatedly molested victim over a period of time without stopping).

[16] Hampsch next contends the trial court overlooked another statutory circumstance: he is likely to respond affirmatively to probation or short-term imprisonment. Ind. Code § 35-38-1-7.1(b)(7). He again points to the report by his expert witness, asserting a lengthy sentence is unnecessary to reform his conduct. In contrast to the expert witness's report, the record demonstrates Hampsch molested G.D. over a number of months, ending his conduct only when G.D. left the state, and then hid his misconduct for a number of years. He also engaged in inappropriate conduct with other another girl in his youth group, sending flirty texts to her. Under these circumstances, his claimed mitigator is not clearly supported by the record.

[17] Finally, Hampsch argues the court should have found as a mitigating factor that his character and attitude indicate he is unlikely to commit another crime. Ind. Code § 35-38-1-7.1(b)(8). We disagree. He did not admit to his crime against G.D. until he was confronted with it years later. Further, although Hampsch presented himself as remorseful and reformed at sentencing, numerous letters submitted in support of G.D. indicated Hampsch has a deceptive personality and excels at manipulating others. We cannot conclude this mitigator is clearly

supported by the record. For these reasons, the trial court did not abuse its discretion in sentencing Hampsch.

## 2.

[18] Hampsch asserts his sentence is too long and should not be served consecutively to his twenty-year sentence from Madison County. Pursuant to Indiana Appellate Rule 7(B), we may revise a sentence otherwise authorized by statute "if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." The principal purpose of this review is to leaven the outliers rather than to achieve a "correct" result in each case. *Hunt v. State*, 43 N.E.3d 588, 590 (Ind. Ct. App. 2015), *trans. denied*.

[19] Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case. *Corbally v. State*, 5 N.E.3d 463 (Ind. Ct. App. 2014). The defendant bears the burden of persuading the appellate court that his or her sentence is inappropriate. *Id.*

[20] At the time Hampsch committed his offense, a Class C felony was punishable by a maximum sentence of eight years and a minimum sentence of two years, with an advisory sentence of four years. Ind. Code § 35-50-2-6 (West, Westlaw 2005). The trial court sentenced Hampsch to an enhanced sentence of six years, to be served consecutively to his twenty-year sentence from Madison County.

[21]    The nature of the offense justifies the enhanced six-year sentence. Hampsch groomed G.D. for sexual conduct over a period of months, sending her sexually explicit messages and secretly touching her during lunchtime visits to her school. G.D.'s parents informed Hampsch that she had a crush on him, and he used that information to take advantage of her. In addition, Hampsch was in a position of authority over G.D. as a religious leader and the supervisor of her youth group. Hampsch's misconduct had a profoundly negative impact upon G.D.

[22]    Although the nature of the offense supports an enhanced sentence, we cannot conclude that the nature of the offense requires Hampsch to serve his sentence for this offense consecutively to his sentence from Madison County for B felony sexual misconduct with a minor. Hampsch committed both offenses in similar circumstances, less than a month apart, and both involved the same victim. Both offenses equally involved an abuse of Hampsch's position of authority over G.D., and both contributed to the trauma she experienced. But for the crimes occurring in different counties, the trial court may well have ordered the sentences to be served concurrently.

[23]    The character of the offender also supports a conclusion that Hampsch should serve his sentences concurrently. He has no prior criminal record and pleaded guilty as charged without any concessions from the State, sparing G.D. the additional trauma of testifying in front of a jury.

[24] Based on our consideration of the record, Hampsch's six-year sentence is not inappropriate in light of the nature of the offense and the character of the offender, but considering all factors, serving this sentence consecutively with the Madison County sentence is outside the range of appropriate results. *See Carter v. State*, 31 N.E.3d 17 (Ind. Ct. App. 2015) (finding consecutive sentences inappropriate and directing that two of the three sentences be served concurrently), *trans. denied*.

[25] For the foregoing reasons, we affirm the trial court's judgment in part, reverse in part, and remand with instructions to issue a revised sentencing order directing that Hampsch's sentence in this case will be served concurrently with the sentence from Madison County in Lower Cause Number 48C03-1410-FB-1943.

[26] Judgment affirmed in part, reversed in part, and remanded with instructions.

Kirsch, J., and Brown, J., concur.