# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 18 2018, 11:10 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Evan Matthew Comer
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Derek Snapp, *Appellant-Defendant,* | June 18, 2018 |
| v. | Court of Appeals Case No. 18A-CR-17 |
| | Appeal from the Vigo Superior Court |
| State of Indiana, *Appellee-Plaintiff* | The Honorable Sarah K. Mullican, Judge |
| | Trial Court Cause No. 84D03-1704-F3-1284 |

**Crone, Judge.**

# Case Summary

[1] Derek A. Snapp appeals his six-year sentence imposed by the trial court following his guilty plea to level 5 felony battery. He argues that his sentence is inappropriate in light of the nature of the offense and his character. He also argues that the abstract of judgment contains an error, which the State concedes. Finding that Snapp has not met his burden of demonstrating that his sentence is inappropriate, we affirm the sentence and remand with instructions to correct the abstract of judgment.

# Facts and Procedural History

[2] Snapp and his wife, J.S., were homeless and lived in their car. On April 15, 2017, while in their car, a drunken Snapp hit his wife. He then pulled out a knife and threatened to slit her throat. She tried to leave the car, but Snapp stopped her. J.S. filed a report with the Terre Haute Police claiming that Snapp hit her on a daily basis. On April 21, 2017, Snapp struck J.S. multiple times and spit in her face, and she again filed a report with the police soon after.

[3] The State originally charged Snapp with level 3 felony criminal confinement, level 5 felony intimidation, level 6 felony strangulation, class A misdemeanor domestic battery, and level 5 felony domestic battery (based on a prior conviction for battering J.S.), as well as with being a habitual offender. The State later amended the charges by reducing the confinement charge to a level 5 felony and dismissing the intimidation and strangulation charges. During jury

selection, Snapp verbally agreed to plead guilty to the two battery charges and the State agreed to dismiss the remaining charges.

[4] This agreement left sentencing to the trial court's discretion. The trial court found two primary aggravating circumstances during sentencing: (1) Snapp's lengthy criminal history and apparent pattern of violence; and (2) Snapp's violation of probation by battering his wife. The court found no mitigating circumstances. The court merged the two convictions and sentenced Snapp to six years, with five years executed and one year suspended to probation. This appeal ensued.

## Discussion and Decision

## Section 1 – Snapp has failed to establish that his sentence is inappropriate.

[5] Snapp invites this Court to reduce his sentence pursuant to Indiana Appellate Rule 7(B). "We may revise a sentence authorized by statute, if, after due consideration of the trial court's decision, we find the sentence inappropriate in light of the nature of the offense and the character of the offender." *Gibson v. State*, 51 N.E.3d 204, 215 (Ind. 2016) (citing Ind. Appellate Rule 7(B)), *cert. denied*. The defendant bears the burden of persuading the Court that his sentence is inappropriate. *Id.* The principal role of appellate review is to "attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895

N.E.2d 1219, 1225 (Ind. 2008). Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case." *Id.* at 1224. Appellate courts may consider the appropriateness of the aggregate length of the sentence in addition to considering whether a portion of the sentence is ordered suspended, executed, "or otherwise crafted using any of the variety of sentencing tools available to the trial judge." *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010). The question under Appellate Rule 7(B) is not whether another sentence is more appropriate; rather, the question is whether the sentence imposed is inappropriate. *Hunt v. State*, 43 N.E.3d 588, 590 (Ind. Ct. App. 2015), *opinion on reh'g, trans. denied*.

[6] With reference to the nature of the offense, the starting point selected by the legislature as an appropriate sentence for the crime committed is the advisory sentence. *Fuller v. State*, 9 N.E.3d 653, 657 (Ind. 2014). A level 5 felony carries a sentencing range of one to six years, and an advisory sentence of three years. Ind. Code § 35-50-2-6. Snapp argues that there was nothing particularly egregious about the battery. Although the battery itself was not egregious, the surrounding circumstances involving the brandishing of a knife significantly escalated the potential for deadly violence.

[7] With reference to Snapp's character, he admitted that he battered J.S. and took responsibility for his actions, albeit not until jury selection for his trial was underway. Moreover, Snapp has a lengthy criminal history, which reflects

poorly on a person's character. Snapp was convicted of battery resulting in bodily injury in 2005, domestic battery in 2006, battery resulting in serious bodily injury in 2012, and domestic battery with a prior conviction twice in 2016; J.S. was the victim in three of these batteries and a former girlfriend was the victim of two. Snapp also has several traffic-, drug-, and alcohol-related convictions. He attributes his criminal history to the stress of life and his use of alcohol and drugs. His many contacts with the law gave him the opportunity to reform himself through counseling, treatment, or otherwise, but he has failed to take advantage of those opportunities. Snapp committed the battery while on probation and has several prior probation violations, which also reflects poorly on his character.

[8] In sum, Snapp has not met his burden of persuading this Court that the six-year sentence imposed by the trial court is inappropriate. Accordingly, we affirm the sentence.

## Section 2 – Remand is necessary to correct the abstract of judgment.

[9] Snapp points out that the abstract of judgment lists the original charges and not the amended charges. The State properly concedes the error. We remand with instructions to correct this error.

[10] Affirmed and remanded.

Bailey, J., and Brown, J., concur.