

**FILED**

Jun 30 2010, 1:50 pm

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT
Anthony S. Churchward
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Marjorie Lawyer-Smith
Deputy Attorney General
Indianapolis, Indiana

---

# In the
# Indiana Supreme Court

No. 02S03-1006-CR-339

AUSTIN KNIGHT,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Allen Superior Court, No. 02D04-0702-FA-20
The Honorable John F. Surbeck, Jr., Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 02A03-0811-CR-532

**June 30, 2010**

**Rucker, Justice.**

Austin Knight pleaded guilty to several felony offenses for which he was sentenced to an aggregate term of seventy years. Under our constitutional authority we revise the sentence to a total aggregate term of forty years.

**Facts and Procedural History**

In the early morning hours of February 19, 2007, seventeen-year-old Knight and three other men – Malcom Ellis, Johnnie Walker, and Antonio Wright – used keys they had previously stolen from an apartment complex office to gain entry to two separate units in the complex. Upon entering the first apartment, the four men found a lone resident asleep in her bed. The men tied the resident up, stuffed a rag in her mouth, covered her face, and then proceeded to ransack the apartment, stealing money and property from her. Before leaving, one of the men shot the resident in the legs more than 10 times at close range with a pellet gun. The resident's goldfish was also shot and killed.

The men then entered a second apartment and encountered four occupants therein. Brandishing guns, the men rounded up the occupants from their two bedrooms and ordered them to the floor in the main room. One of the four occupants was ordered to drive to an ATM to make a withdrawal. The intruders remaining at the apartment ordered one of the female occupants to disrobe. After taking money and property from the occupants and after the others had returned, the men heard sirens and fled. Three of the four men, including Knight, were apprehended nearby.

On February 22, 2007, the State charged Knight with: (1) Count I, burglary as a class A felony; (2) Count II, robbery as a class B felony; (3) Count III, criminal confinement as a class B felony; (4) Count IV, burglary as a class B felony; (5) Count V, robbery as a class B felony; (6) Count VI, robbery as a class B felony; (7) Count VII, criminal confinement as a class B felony; (8) Count VIII, criminal confinement as a class B felony; (9) Count IX, criminal confinement as a class B felony; (10) Count X, robbery as a class B felony; and (11) Count XI, criminal confinement as a class B felony.

On July 6, 2007, Knight entered into a plea agreement with the State in which he agreed to plead guilty to Count I, burglary as a class A felony and Count IV, burglary as a class B felony with the remaining counts being dismissed. Appellant's App. at 43-45. The State agreed to a sentence of twenty years executed on Count I and ten years executed on Count IV, with the sentences running consecutively for a total executed term of thirty years. In return Knight was required to testify truthfully in any proceedings the State brought against Knight's three codefendants. Id. The trial court took the plea agreement under advisement and scheduled a sentencing hearing for September 10, 2007, which was later continued until April 3, 2008. However on March 3, 2008, the plea agreement was rescinded upon the State's motion when Knight refused to testify against Antonio Wright, one of the codefendants.

Thereafter Knight pleaded guilty to all eleven counts without the benefit of a plea agreement. After a hearing, the trial court sentenced Knight as follows: thirty years on Count I and ten years on Count II to be served concurrently; ten years on Count IX to be served consecutively to the sentences imposed on Counts I and II; and six years on each of Counts IV, V, VI, X, and XI, to be served consecutively to each other and consecutive with the sentences imposed on Counts I, II, and IX, for a total executed term of seventy years.[1] Knight appealed contending the sentence was inappropriate in light of the nature of the offense and his character. In an unpublished memorandum decision, the Court of Appeals affirmed the judgment of the trial court. See Knight v. State, No. 02A03-0811-CR-532 (Ind. Ct. App. June 17, 2009). We grant transfer.

**Discussion**

For burglary as a class A felony as charged in Count I and robbery as a class B felony as charged in Count II the trial court imposed the advisory sentences of thirty years and ten years respectively. As for confinement as a class B felony as charged in Count IX the trial court imposed the advisory sentence of ten years. And for robbery as a class B felony as charged in Counts IV, V, VI and X and confinement as a class B felony as charged in Count XI, the trial court imposed six year minimum sentences. There is no question that the trial court properly

---

[1] The trial court merged Counts III, VII, and VIII into Counts I, V, and VI, respectively.

exercised its sentencing discretion in this case. Nonetheless, "[a]lthough a trial court may have acted within its lawful discretion in determining a sentence, Article VII, Sections 4 and 6 of the Indiana Constitution 'authorize[ ] independent appellate review and revision of a sentence imposed by the trial court.'" Anglemyer v. State, 868 N.E.2d 482, 491 (Ind. 2007) (alterations in original) (quoting Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006)). Our appellate authority is implemented through Indiana Appellate Rule 7(B), which allows us to "revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." We also observe that although we "need not compare" sentences of codefendants, Dennis v. State, 908 N.E.2d 209, 214 (Ind. 2009), "we are not precluded" from "compa[ring] sentences among those convicted of the same or similar crimes." Trowbridge v. State, 717 N.E.2d 138, 150 (Ind. 1999), reh'g denied (revising 199-year sentence of a fourteen-year-old convicted of multiple offenses including murder, rape, robbery, and burglary "in light of Trowbridge's age and comparisons to the sentences of other juveniles convicted of the same or similar crimes.").

In this case the seventy-year sentence imposed by the trial court on one of Knight's codefendants – Malcolm Ellis – was revised on appeal to a total executed term of thirty-six years with four years probation. As with Knight, Ellis also entered a plea agreement calling for a thirty-year sentence and requiring him to testify truthfully in any proceedings the State brought against any of the other three codefendants. As with Knight, Ellis' plea agreement was rescinded when he also refused to testify against codefendant Antonio Wright. And as with Knight, Ellis has a juvenile criminal history that includes what would have been a class B felony if committed by an adult. The only difference between the two is that Knight was seventeen years old at the time of the instant offenses and Ellis was sixteen. Although apparently acknowledging that the nature of the crimes was horrendous, in revising Ellis' sentence the Court of Appeals majority had this to say about the character of the offender:

> [W]e are concerned about the effect that a lengthy seventy-year prison sentence may have on a sixteen year old. His imprisonment will house him with older, hardened criminals and without a 'light at the end of the tunnel,' Ellis might be less susceptible to redemption. The State apparently recognized that a lower sentence

4

might be more appropriate in this case by offering Ellis an aggregate sentence of thirty years. We agree. In order for the prison sentence to retain a somewhat rehabilitative character for Ellis, we decrease his sentence.

Ellis v. State, No. 02A03-0811-CR-557, slip op. at 4 (Ind. Ct. App. May 18, 2009). These observations apply with equal force in this case. Indeed "a defendant's youth . . . is a significant mitigating circumstance in some circumstances including the commission of a heinous crime by a juvenile." Trowbridge, 717 N.E.2d at 150 (internal citations and quotations omitted). We do not condone Knight's past or current violations of the law. Nonetheless, we cannot conclude that Knight's transgressions necessarily "demonstrate a character of such recalcitrance or depravity" that they justify a seventy-year sentence. Hollin v. State, 877 N.E.2d 462, 465-66 (Ind. 2007) (quoting Frye v. State, 837 N.E.2d 1012, 1015 (Ind. 2005)). And although we are not inclined to revise Knight's sentence to be precisely the same as that of Knight's codefendant, we do believe a revision is in order. We therefore revise Knight's six-year consecutive sentences imposed on Counts IV, V, VI, X, and XI to run concurrently with the thirty-year and ten-year concurrent sentences imposed on Counts I and II and the ten-year consecutive sentence imposed on Count IX for a total executed term of forty years.

## Conclusion

We remand this cause to the trial court with instructions to enter a sentence consistent with this opinion.

Shepard, C.J., and Sullivan, J., concur.
Dickson and Boehm, JJ., dissent without separate opinion.

5