## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 16 2016, 8:30 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

James Harper
Harper & Harper, LLC
Valparaiso, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Michael Sprague,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

September 16, 2016

Court of Appeals Case No.
64A03-1604-CR-756

Appeal from the Porter Superior Court

The Honorable Roger V. Bradford, Judge

Trial Court Cause No.
64D01-1208-FA-8168

**Barnes, Judge.**

# Case Summary

Michael Sprague appeals his forty-year sentence for Class A felony aiding in burglary. We affirm.

# Issues

Sprague raises two issues, which we restate as:

    I.      whether the trial court abused its discretion in sentencing Sprague; and

    II.     whether his sentence is inappropriate in light of the nature of the offense and the character of the offender.

# Facts

On August 8, 2012, Dominick Fazzini, Jordan Wilkerson, and Shawn Duffy forced their way into the residence of Cheri Baruch in Valparaiso. Sprague had driven the men to the residence, and he waited in the car. Wilkerson knocked Baruch to the ground, held her down, and beat her head against the floor. Duffy and Fazzini were armed with guns and made her open a safe. The men took guns and cash from the safe. They also ripped Baruch's shirt off and ordered her to put on another shirt.

Sprague, who was still waiting outside of the residence, saw a neighbor approaching and warned the other men. They left the residence with Sprague driving, and the neighbor followed them. The neighbor chased them on U.S. 30, and Sprague crashed the vehicle at an intersection. When the neighbor also

stopped and pointed a gun at one of the men, the man shot the neighbor in the hand. An FBI agent who witnessed the crash exchanged gunfire with Duffy, and Duffy shot himself in the head and died. Sprague, Wilkerson, and Fazzini were all apprehended.

[5] The State charged Sprague with Class A felony aiding in burglary, Class B felony aiding in robbery, and Class B felony aiding in criminal confinement. Sprague pled guilty to Class A felony aiding in burglary, and the State dismissed the remaining charges. The plea agreement capped his sentence at forty years. The trial court found Sprague's remorse and acceptance of responsibility by pleading guilty to be mitigators. The trial court found the following aggravators—Sprague's history of criminal activity, the fact that the harm suffered by the victim was far greater than the harm necessary to prove the elements of the offense, and the fact that Sprague was responsible for danger to the community by engaging in a high-speed chase. The trial court concluded that the aggravators outweighed the mitigators and sentenced Sprague to forty years in the Department of Correction with five years suspended to probation. Sprague now appeals.

## Analysis

### I. Sentencing

[6] Sprague argues that the trial court abused its discretion when it sentenced him. Sentencing decisions are within the sound discretion of the trial court. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d

218. However, a trial court may be found to have abused its sentencing discretion in a number of ways, including: (1) failing to enter a sentencing statement at all; (2) entering a sentencing statement that explains reasons for imposing a sentence where the record does not support the reasons; (3) entering a sentencing statement that omits reasons that are clearly supported by the record and advanced for consideration; and (4) entering a sentencing statement in which the reasons given are improper as a matter of law. *Id.* at 490-91. The reasons or omission of reasons given for choosing a sentence are reviewable on appeal for an abuse of discretion. *Id.* at 491. The weight given to those reasons, i.e. to particular aggravators or mitigators, is not subject to appellate review. *Id.*

[7] Sprague first argues that the trial court abused its discretion by failing to enter a sentencing statement that explains the reasons for the sentence imposed. A sentencing statement "must include a reasonably detailed recitation of the trial court's reasons for imposing a particular sentence." *Id.* at 490. Sprague describes the sentencing statement as "barebones" and argues that the trial court failed to explain how Baruch's injuries were greater than those necessary to prove the offense and how the aggravating factors outweighed the mitigating factors. Appellant's Br. p. 17.

[8] The trial court here discussed each of the aggravators and mitigators, stated that the aggravators outweighed the mitigators, and explained that it was adding ten years to the advisory sentence. Although the sentencing statement may not have been extremely lengthy, it was not required to be. Our review of the

sentencing statement reveals that it was adequate and included a reasonably detailed recitation of the reasons for imposing the sentence.

[9]     Next, Sprague argues that the trial court abused its discretion by finding the victim's injuries as an aggravator. Indiana Code Section 35-38-1-7.1(a)(1) notes that the trial court may consider harm, injury, loss, or damage suffered by the victim that was significant and greater than the elements necessary to prove the commission of the offense. The Class A felony burglary conviction required proof of bodily injury to Baruch. Bodily injury is defined as "any impairment of physical condition, including physical pain." Ind. Code § 35-31.5-2-29. The trial court found that "the harm suffered by this victim was far greater than the harm necessary to prove the elements of the offense." Tr. p. 29. The trial court noted "there was well beyond mere bodily injury to the victim." *Id.* at 30. The probable cause affidavit indicates that Baruch had injuries to her head, knee, and back as a result of the beating during the burglary. Baruch's victim's statement, which was read during the sentencing hearing, made it clear that she was severely traumatized by the incident and had constant nightmares. Given the multiple injuries and severe emotional trauma sustained by the victim, we cannot say that the trial court abused its discretion by considering this aggravator.

[10]    Sprague also disputes the trial court's use of danger to the community as a result of the vehicle chase as an aggravator. The trial court noted that Sprague was "responsible for . . . the danger to the community caused by his taking off in a high-speed vehicle chase." Tr. p. 30. The nature and circumstances of the

crime can be an aggravating factor. *Gleason v. State*, 965 N.E.2d 702, 711 (Ind. Ct. App. 2012). Sprague argues that "nothing in the record establishes the nature of the vehicle chase or that the chase endangered the community." Appellant's Br. p. 18. The probable cause affidavit indicates that Sprague drove a vehicle in a high-speed chase on U.S. 30 and crashed into another vehicle.[1] This evidence is sufficient to show that his conduct was a danger to the community, and the trial court did not abuse its discretion by finding this fact to be an aggravating factor.

[11] Sprague next argues that the trial court abused its discretion by failing to identify all significant mitigating circumstances. A trial court is not obligated to accept a defendant's claim as to what constitutes a mitigating circumstance. *Rascoe v. State*, 736 N.E.2d 246, 249 (Ind. 2000). A claim that the trial court failed to find a mitigating circumstance requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record. *Anglemyer*, 868 N.E.2d at 493.

[12] The trial court found two mitigating circumstances—Sprague's remorse and the fact that he accepted responsibility by pleading guilty. According to Sprague, the trial court should have also found undue hardship to his mother as a mitigator. Many persons convicted of serious crimes have dependents and, absent special circumstances, trial courts are not required to find that

---

[1] Both Sprague and the State rely on the probable cause affidavit for the relevant facts.

imprisonment will result in an undue hardship. *Dowdell v. State*, 720 N.E.2d 1146, 1154 (Ind. 1999). In the pre-sentencing investigation report, Sprague indicated that he had no source of income and had been dependent on his Pell grants, his mother, and his sister for several years. At the sentencing hearing, Sprague's mother testified that she had several surgeries and is disabled. She testified that Sprague's imprisonment had made it more difficult for her to operate her dog rescue business and that she was "doing the best that [she] can." Tr. p. 9. Although Sprague apparently physically assisted his mother with her business and chores, we cannot say that special circumstances are present here to require the trial court to find undue hardship. The mitigating evidence regarding undue hardship is not significant and the trial court did not abuse its discretion by failing to find undue hardship as a mitigator.

## II. Inappropriate Sentence

[13]    Sprague argues that his forty-year sentence is inappropriate under Indiana Appellate Rule 7(B). Appellate Rule 7(B) provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offenses and the character of the offender. When considering whether a sentence is inappropriate, we need not be "extremely" deferential to a trial court's sentencing decision. *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). Still, we must give due consideration to that decision. *Id.* We also understand and recognize the unique perspective a trial court brings to its sentencing decisions. *Id.* Under this rule, the burden is on the defendant to

persuade the appellate court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[14] The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). We "should focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." *Id.* When reviewing the appropriateness of a sentence under Rule 7(B), we may consider all aspects of the penal consequences imposed by the trial court in sentencing the defendant, including whether a portion of the sentence was suspended. *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010).

[15] The nature of the offense reveals that Sprague and his cohorts engaged in a home invasion where they beat the victim and stole guns and cash. Sprague emphasizes that he was only the get-away driver, but that argument minimizes his conduct. Sprague was well aware of what the other men were doing in the house, warned them that a neighbor had arrived, and engaged in a high-speed chase while attempting to escape the area. After Sprague wrecked into another vehicle at a highway intersection, one of Sprague's cohorts engaged in a gun fight with officers at the intersection and ultimately turned his gun on himself, resulting in his death. Another of his cohorts shot the neighbor who had pursued them. Although Sprague may not have been in the house terrorizing

Baruch or shooting at anyone, he was clearly an active participant in the offense.

[16] As for the character of the offender, we acknowledge twenty-seven-year-old Sprague's remorse and guilty plea. However, we must also acknowledge his criminal history. As an adult, Sprague has been arrested eight times, including the current offense. Sprague has a 2009 felony conviction in Illinois for Class 4 felony possession of cannabis. He was found guilty in 2005 of Class A misdemeanor possession of drug paraphernalia and Class A misdemeanor possession of cannabis. The trial court withheld judgment and sentenced him to one year of supervision. In 2009, he was charged with Class A misdemeanor carrying/possession of a firearm, and he was sentenced to one year "conditional discharge." App. Vol. II p. 28. Sprague acknowledged that, at the time of the offense, he was smoking marijuana on a daily basis.

[17] Sprague attempts to compare his sentence to that imposed on Fazzini. Fazzini, who has been described as the ringleader of the offense, apparently received the same sentence as Sprague. Our supreme court has held that we "need not compare" sentences of codefendants. *Knight v. State*, 930 N.E.2d 20, 22 (Ind. 2010). Even if we were to attempt comparing the sentences, we have no information regarding Fazzini's criminal history or character. We cannot say that Sprague was entitled to a lesser sentence. Given the serious nature of the offense and Sprague's criminal history, we cannot say that his sentence is inappropriate in light of the nature of the offense and the character of the offender.

# Conclusion

The trial court did not abuse its discretion when it sentenced Sprague, and his forty-year sentence is not inappropriate.  We affirm.

Affirmed.

Riley, J., and Bailey, J., concur.