## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 22 2017, 11:14 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Stephen T. Owens
State Public Defender
Indianapolis, Indiana

Patricia Caress McMath
Indianapolis, Indiana

Stacy R. Uliana
Bargersville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. MacKenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Austin J. Huffman,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

March 22, 2017

Court of Appeals Case No.
76A03-1609-CR-2186

Appeal from the Steuben Circuit Court.
The Honorable Allen N. Wheat, Judge.
Trial Court Cause No. 76C01-1602-F6-94

**Sharpnack, Senior Judge**

# Statement of the Case

[1] Austin J. Huffman appeals after pleading guilty to one count of possession of a precursor by a methamphetamine offender,[1] as a Level 6 felony, contending that his sentence of two and one half years is inappropriate. We affirm.

# Issue

[2] The sole issue presented on appeal is whether Huffman's sentence of two and one half years is inappropriate in light of the nature of the offense and the character of the offender.

# Facts and Procedural History

[3] On January 14, 2016, Huffman possessed pseudoephedrine without a prescription. Two years prior, Huffman had been convicted of possession of two or more precursors with the intent to manufacture a controlled substance.

[4] The State charged Huffman with one count of possession of a precursor by a methamphetamine offender, and one count of theft. The probable cause affidavit for the theft count alleged that Huffman took Sudafed from Walmart, returned the stolen items for store credit, and used the store credit to purchase precursors to methamphetamine.

---

[1] Ind. Code § 35-48-4-14.5(h)(1)(D) (2014).

[5] Huffman pleaded guilty to possession of precursors and admitted to the facts as alleged by the State. Per the terms of the plea agreement, the theft count was dismissed and Huffman paid $33.90 to Walmart as restitution. Sentencing was left open to the trial court.

[6] The presentence investigation report revealed that Huffman, who was twenty-six years old at the time of the offense, had both a juvenile delinquency history and an extensive adult criminal history. Huffman's juvenile history included commitments to the Indiana Department of Correction for residential entry, operating a motor vehicle without ever receiving a license, and theft. He also had violated the conditions of his probation.

[7] A juvenile charge of illegal consumption of an alcoholic beverage as a misdemeanor offense was waived to adult court, and he was incarcerated for twenty days. The remainder of his adult criminal history includes convictions for eleven misdemeanor offenses and three felony offenses. He violated the terms of his probation on four of those offenses. At the time of his sentencing for the current offense, he had three pending cases in DeKalb County: one count of driving while suspended, one count of theft, and one count of dealing methamphetamine. He also had a pending case in Steuben County for felony possession of precursors.

[8] At the sentencing hearing held on August 15, 2016, the trial court found that Huffman's guilty plea was a mitigating factor. As for aggravating circumstances, the trial court found that Huffman had accumulated a juvenile

delinquency history and an extensive adult criminal history. Huffman had been placed on probation in the past and had his probation revoked. The trial court concluded that the aggravating circumstances outweighed the mitigating circumstances and imposed the maximum sentence of two and one half years.

[9] The trial court also stated its intention to recommend to the Indiana Department of Correction that Huffman be allowed to participate in the therapeutic community program. However, Huffman had expressed to the probation officer preparing his pre-sentence investigation report that he did not want to participate in the therapeutic community program for this offense. He believed he could earn a greater reduction in executed time if his participation in that program occurred while serving his sentence for a pending DeKalb County charge, which would result in a longer sentence. Huffman now appeals.

# Discussion and Decision

[10] Huffman contends that his sentence is inappropriate in light of the nature of the offense and the character of the offender. He argues that he is not one of the worst offenders and that his crime is not one of the worst offenses such that a maximum sentence is justified. Huffman received the maximum sentence of two and one half years for his Level 6 felony conviction. *See* Ind. Code § 35-50-2-7(b) (2016) (sentencing range between six months and two and one half years).

[11] "Indiana Appellate Rule 7(B) provides, '[t]he Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender.'" *Shoun v. State*, 67 N.E.3d 635, 642 (Ind. 2017). Courts on review have long recognized that the maximum sentence permitted by law should be reserved for the very worst offenders. *Bacher v. State*, 686 N.E.2d 791, 802 (Ind. 1997). Appellate review should be focused on attempting to leaven the outliers, not achieving a perceived correct result in each case. *Id.* "We recognize the special expertise of the trial court in making sentencing decisions, and we will refrain from merely substituting our opinion for that of the trial court." *Davis v. State*, 851 N.E.2d 1264, 1267 (Ind. Ct. App. 2006), *trans. denied.* However, we are authorized by the state constitution to conduct independent appellate review of sentences. *Knight v. State*, 930 N.E.2d 20, 22 (Ind. 2010). The appellant bears the burden of persuading the court on review that the sentence imposed by the trial court is inappropriate. *Shoun*, 67 N.E.3d at 642. Further, the defendant must show that the sentence was inappropriate in light of both his character and the nature of the offense. *Williams v. State*, 891 N.E.2d 621, 633 (Ind. Ct. App. 2008).

[12] Turning to the nature of Huffman's offense, we acknowledge that the advisory sentence is the starting point when considering whether a sentence is inappropriate. *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). The advisory sentence for a Level 6 felony is one year. Ind. Code § 35-50-2-7(b). Thus, the trial court deviated from the

advisory sentence by imposing a sentence that is one and one half years longer than the advisory sentence.

[13] After reviewing the record, we find nothing that distinguishes Huffman's offense from a typical case involving possession of a precursor by a methamphetamine offender as a Level 6 felony. There is nothing more or less egregious about the offense than was contemplated by the legislature.

[14] Turning to Huffman's character, however, we find that he has not met his burden of persuading us that his sentence is inappropriate. Huffman's first contact with the criminal justice system occurred when he was nine years old. As a juvenile he was adjudicated a delinquent child for what would be the felony offenses of residential entry and theft. He also was adjudicated a delinquent child for what would be the misdemeanor offenses of operating a vehicle without ever having received a license and illegal consumption of alcohol. As a juvenile, he had his probation revoked, was placed in a residential facility, and was committed to the Indiana Department of Correction on two occasions.

[15] As an adult, Huffman was convicted fifteen times. Five of his prior convictions involved illegal drugs. His probation was revoked four times. Further, at the time of his sentencing hearing, he had a pending case for possession of precursors by a methamphetamine offender as a Level 6 felony. The three pending cases he had in DeKalb County were for misdemeanor driving while

suspended, felony theft, and felony dealing methamphetamine in the presence of a minor.

[16] Huffman has had many opportunities to conform his behavior to the requirements of the law, yet has persisted in his pattern of criminal activity. Indeed, instead of seeking therapeutic help for his issues with substance abuse sooner rather than later, he chose to delay the benefits of that program until it would maximize the reduction of executed time he would likely have to serve as a consequence for the crimes alleged in his pending cases.

[17] We conclude that Huffman's sentence is not inappropriate in light of his character.

# Conclusion

[18] In light of the foregoing, we affirm the trial court's judgment.

[19] Affirmed.

Vaidik, C.J., and Mathias, J., concur.