# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 20 2017, 8:57 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Christopher L. Clerc
Columbus, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew R. Elliott
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Kenneth Wilson,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

March 20, 2017

Court of Appeals Case No.
03A01-1608-CR-1963

Appeal from the Bartholomew
Circuit Court

The Honorable Stephen R.
Heimann, Judge

Trial Court Cause No.
03C01-1602-F5-847

**Barnes, Judge.**

# Case Summary

[1] Kenneth Wilson appeals his sentence for Level 6 felony strangulation. We affirm.

# Issues

[2] Wilson raises two issues, which we restate as:

     I.     whether the trial court abused its discretion in sentencing him; and

     II.    whether his sentence is inappropriate in light of the nature of the offense and the character of the offender.

# Facts

[3] After an altercation with his girlfriend, the State charged Wilson with: Count 1, Level 5 felony battery by means of a deadly weapon; Count II, Level 6 felony criminal recklessness; Count III, Level 6 felony pointing a firearm; and Count IV, Class A misdemeanor domestic battery. Wilson entered into a plea agreement and pled guilty to an amended Count I, Level 6 felony strangulation. The State dismissed the remaining charges.

[4] At the sentencing hearing, the trial court found no mitigating circumstances. The trial court found three aggravating factors—Wilson's significant criminal history, prior probation violations, and the fact that he has been offered treatment previously. The trial court sentenced Wilson to two years in the Bartholomew County Jail. Wilson now appeals.

# Analysis

## I. *Abuse of Discretion*

Wilson argues that the trial court abused its discretion when it sentenced him. Sentencing decisions are within the sound discretion of the trial court. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218. However, a trial court may be found to have abused its sentencing discretion in a number of ways, including: (1) failing to enter a sentencing statement at all; (2) entering a sentencing statement that explains reasons for imposing a sentence where the record does not support the reasons; (3) entering a sentencing statement that omits reasons that are clearly supported by the record and advanced for consideration; and (4) entering a sentencing statement in which the reasons given are improper as a matter of law. *Id.* at 490-91. The reasons or omission of reasons given for choosing a sentence are reviewable on appeal for an abuse of discretion. *Id.* at 491. The weight given to those reasons, i.e. to particular aggravators or mitigators, is not subject to appellate review. *Id.*

Wilson argues that the trial court improperly failed to identify significant mitigating circumstances. A trial court is not obligated to accept a defendant's claim as to what constitutes a mitigating circumstance. *Rascoe v. State*, 736 N.E.2d 246, 249 (Ind. 2000). A claim that the trial court failed to find a mitigating circumstance requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record. *Anglemyer*, 868 N.E.2d at 493.

[7] Wilson first argues that the trial court failed to identify his mental illness as a mitigating factor. We note that Wilson did not argue at the sentencing hearing that his mental illness was a mitigating factor. "'If the defendant does not advance a factor to be mitigating at sentencing, this Court will presume that the factor is not significant and the defendant is precluded from advancing it as a mitigating circumstance for the first time on appeal.'" *Hollin v. State*, 877 N.E.2d 462, 465 (Ind. 2007) (quoting *Spears v. State*, 735 N.E.2d 1161, 1167 (Ind. 2000)). Waiver notwithstanding, Wilson presented no documentation regarding his mental illness or how it was connected to the current offense. Wilson very briefly testified that he had been diagnosed with bi-polar disorder and that he took Xanax for anxiety. Wilson's argument is not clearly supported by the record, and the trial court did not abuse its discretion when it did not consider it as a mitigating factor.

[8] Next, Wilson argues that the trial court should have considered his guilty plea as a mitigating factor. Our supreme court has held:

> [A] defendant who pleads guilty deserves "some" mitigating weight be given to the plea in return. But an allegation that the trial court failed to identify or find a mitigating factor requires the defendant to establish that the mitigating evidence is not only supported by the record but also that the mitigating evidence is significant. And the significance of a guilty plea as a mitigating factor varies from case to case. For example, a guilty plea may not be significantly mitigating when it does not demonstrate the defendant's acceptance of responsibility . . . or when the defendant receives a substantial benefit in return for the plea.

*Anglemyer,* 875 N.E.2d at 220-21 (internal citations omitted). Wilson received a substantial benefit in return for his guilty plea. The State dismissed several charges and amended the count to which he pled guilty from a Level 5 felony to a Level 6 felony. Wilson has failed to demonstrate that his guilty plea was a significant mitigating factor. The trial court did not abuse its discretion when it sentenced Wilson.

## II. Inappropriate Sentence

[9] Wilson argues that his two-year sentence is inappropriate under Indiana Appellate Rule 7(B). Appellate Rule 7(B) provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offenses and the character of the offender. When considering whether a sentence is inappropriate, we need not be "extremely" deferential to a trial court's sentencing decision. *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). Still, we must give due consideration to that decision. *Id.* We also understand and recognize the unique perspective a trial court brings to its sentencing decisions. *Id.* Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[10] The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind.

2008). We "should focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." *Id.* When reviewing the appropriateness of a sentence under Rule 7(B), we may consider all aspects of the penal consequences imposed by the trial court in sentencing the defendant, including whether a portion of the sentence was suspended. *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010).

[11] The nature of the offense reveals that Wilson strangled his girlfriend during a domestic dispute. The altercation left his victim with a red neck and upper chest, scratch marks on her neck, swelling and bruising on her jaw, and missing clumps of hair on her head.

[12] As for the character of the offender, Wilson has a lengthy criminal history, which includes a 1995 conviction for Class A misdemeanor battery, a 1997 conviction for Class A misdemeanor intimidation, 1997 convictions for residential entry and battery, a 1997 conviction in Kentucky for Second Degree criminal abuse, a 1998 conviction in Kentucky for Second Degree escape, a 2002 conviction for Class C misdemeanor operating a motor vehicle while intoxicated, a 2003 conviction for Class D felony operating a motor vehicle while intoxicated, a 2004 conviction for domestic battery, a 2005 conviction for public intoxication, a 2012 conviction in Kentucky for Second Degree possession of a controlled substance, 2012 convictions in Kentucky for Fourth Degree assault domestic violence with minor injury and Second Degree wanton endangerment, a 2014 conviction for Class D felony criminal recklessness, and

a 2013 conviction in Kentucky for wanton endangerment. Wilson blamed his twenty-year criminal history on his failure to take his medication "like [he] was supposed to." Tr. p. 26. Wilson has twice participated in anger management classes, but he continues to batter women. As the State notes, Wilson appeared to have little insight into why he continues to batter women and has made little effort to correct his behavior. Given Wilson's significant criminal history and failure to correct his behavior despite multiple opportunities to do so, the two-year sentence imposed by the trial court is not inappropriate.

## Conclusion

The trial court did not abuse its discretion when it sentenced Wilson, and his two-year sentence is not inappropriate. We affirm.

Affirmed.

Kirsch, J., and Robb, J., concur.